COMMONWEALTH BANK & TRUST COMPANY V. HEID BROTHERS, INC.

No. 5913. Decided July 19, 1932.

(52 S. W., 2d Series, 74.)

*L. B. Wiseman* and *Henry, Bickett & Bickett,* of San Antonio, for appellant.

If the plaintiff asserts against two defendants, one of whom resides in the county where the suit is brought and the other in another county within the state, a joint and several cause òf action, arising from a single state of facts and showing the same cause of action against both parties, the suit may be maintained against both of defendants in the county of the residence where it is brought. Rev. Civ. Stat. of Texas, Art. 1995, subd. 4; Richardson v. Cage Company, 113 Texas, 152, 252 S. W., 747; Fox v. Cone, 13 S. W. (2d) 65; Jackson v. United Producers Pipe Line Co., 33 S. W. (2d) 540; Empire Gas & Fuel Co. v. State, 21 S. W. (2d) 376; Fuqua v. Shaw, 119 Texas, 325, 29 S. W. (2d) 319.

*Templeton, Brooks, Napier & Brown,* of San Antonio, for appellee.

Defendants who are jointly and severally liable are not necessary parties in a law suit; that is, the plaintiff can sue one of such defendants and it is not necessary to sue the other defendant. Miller v. Sullivan, 89 Texas, 480; Rev. Stat., Art. 1986; Wool Growers v. Edwards, 10 S. W. (2d) 577; Citizens Natl. Bank v. Del Rio Bank, 11 S. W. (2d) 242; Hill v. Hunt, 12 S. W. (2d) 638; McCarroll v. Edwards, 22 S. W. (2d) 684.

MR. JUDGE CRITZ delivered the opinion of Commission of Appeals, Section A.

### STATEMENT OF CASE.

This case is before us on a certified question from the Court of Civil Appeals at San Antonio. The certificate shows that the Commonwealth Bank & Trust Company sued D. D. Marley and Heid Brothers, Inc. in the District Court of Bexar County, Texas, upon an indebtedness which arose out of a joint business enterprise of the defendants, and for which they were jointly and severally liable to the bank. D. D. Marley resided at all times here involved in Bexar County, Texas. Heid Brothers, Inc., a corporation whose corporate residence is in El Paso County, Texas, properly pleaded its privilege to be sued in El Paso County. This plea was duly controverted by the bank, and on trial of the plea same was sustained, and the cause, as to Heid Brothers, Inc., ordered transferred to the District Court of El Paso County. The bank appealed from this order to the Court of Civil Appeals at San Antonio, which court originally affirmed the judgment of the district court, but on motion for rehearing has certified the following question to the Supreme Court:

"QUESTION: Was this suit of appellant maintainable in Bexar County against appellee, Heid Brothers, a corporation domiciled in El Paso County, by virtue of the exceptions to exclusive venue prescribed in Sections 4 and 29a, Art. 1995, in the face of said appellee's timely plea of privilege to be sued in said county of its domicile?"

### OPINION.

As we understand this case it is contended by Heid Brothers, Inc., who we hereafter refer to as Heid Bros., that venue does not lie in Bexar County, Texas. in this case as to it because it is a non-resident of such county, and not a necessary party to the suit. In this connection it is noted that Heid Bros. further contend that Section 4 of Article 1995, R. C. S. of Texas, 1925, has been repealed and superseded by chapter 72, Acts First Called Session, 40th Legislature, p. 197, the part thereof pertinent here being Section 2 of such act and is carried as Section 29a of Article 1995, in Vernon's Complete Texas Statutes, and so referred to hereafter. Before proceeding to discuss the issues here involved we here copy the two statutes mentioned. They read as follows:

"Art. 1995. No person who is an inhabitant of this State

shall be sued out of the county in which he has his domicile except in the following cases:

\* \* \* \*

"4. Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

"CHAPTER 72.

"An Act amending Subdivision 7, of Article 1995, of the Revised Civil Statutes of the State of Texas, 1925, more distinctly specifying venue in cases of fraud and defalcation and in cases where two or more defendants are involved, and providing that suit may be brought in any county where fraud is committed or where defalcation occurs; and adding a new Subdivision 29a providing that where suit may be lawfully maintained in any county against one defendant, it may be also maintained in the same county against all parties who are necessary parties to the suit; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. That Subdivision 7, of Article 1995, of the Revised Civil Statutes of the State of Texas, of 1925, be amended so as to read as follows:

"7. Fraud and Defalcation. In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile.

"Sec. 2. That a new Subdivision be added to Article 1995, to be designated as Subdivision 29a, reading as follows:

"29a. Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

"Sec. 3. The near approach of the end of the Session and the crowded condition of the Calendar, create an emergency and an imperative public necessity that the Constitutional Rule requiring that bills be read on three several days be suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted."

The opinion of the Court of Civil Appeals, which accom-

panies the record and certificate, holds that Section 29a, supra, has repealed Section 4, supra. Such opinion further holds that since such is the case, that is, since 29a has repealed 4, venue does not lie as to a non-resident defendant in a county where there is a resident defendant unless the non-resident defendant is a *necessary* party to the suit. Finally the opinion of the Court of Civil Appeals holds that Heid Bros. is not a necessary party, but merely a proper party, to this suit, and therefore the District Court of Bexar County did not err in sustaining its plea of privilege to be sued in El Paso County, Texas, the county of its corporate residence.

■ A necessary party to a suit, according to the general understanding of that term, is one who is so vitally interested in the subject matter of the litigation that a valid decree cannot be rendered without his presence as a party.

■ Admitting for the purpose of answering the question certified that the term "necessary parties" in Section 29a, supra, is used in the ordinary sense as above defined, still we think that Heid Bros. is both a necessary, and a proper party to this suit. In this connection it is noted that D. D. Marley and Heid. Bros. are jointly and severally liable to the plaintiff bank. We presume that the bank is here asserting all of its rights by seeking both a joint and a several judgment. Such being the case the bank is entitled to the complete relief sought; that is, it is entitled to a joint judgment against the two defendants, as well as a several judgment against each of them. Of course a joint judgment could not be rendered against both defendants unless they are both made parties defendant in the same action. It follows that Heid Bros. is both a proper and a necessary party to this suit.

Counsel for Heid Bros. contend that under the holding in Miller v. Sullivan, 89 Texas, 480, Heid Bros. is not a necessary party to this suit. We think that what we have said above in no wise conflicts with that opinion. Miller v. Sullivan merely holds that either one or more of the joint contractors who are liable on a joint contract can be sued without joining all. Certainly such a holding is not authority to say that where two persons are jointly and severally liable on an obligation they are not both necessary parties to a suit seeking to enforce the joint, as well as the several liability.

The views we have expressed are to demonstrate that the District Court of Bexar County, Texas, has jurisdiction of the person of Heid Bros. in this suit even if it should be held that

such jurisdiction must be exercised under the provisions of 29a. This makes it unnecessary for us to express an opinion as to whether 29a has repealed 4. Of course if 29a has not repealed 4 then venue in this suit lies in Bexar County under both 4 and 29a. We express no opinion on the question of repeal as it is not necessary to do so in this case.

We recommend that the question certified be answered "Yes."

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.