## MERCANTILE BANK & TRUST CO. OF TEXAS v. GREENWOOD et al.

### No. 2942.

Court of Civil Appeals of Texas. El Paso. Jan. 18, 1934.

Rehearing Denied Feb. 21, 1934.

W. H. Brown and Cedric G. Hamlin, both of Dallas, for appellant.

Alexander & Bird, of Fort Worth, for appellees.

WALTHALL, Justice.

Mercantile Bank & Trust Company of Texas, a Texas banking corporation, with its principal office and place of business in the city of Dallas, Tex., brought this suit against Clark Greenwood, a resident of Lynn county, Tex., and Compston Gin Equipment Company, a private corporation, with its principal office and place of business in Dallas county, Tex., and alleges, in substance, that on the 22d day of November, 1932, the defendant Clark Greenwood for value executed and delivered to defendant Compston Gin Company his check, in words and figures as follows:

"Lubbock, Texas, Nov. 22nd, 1932.

"First National Bank in Lubbock, Texas, pay to the order of Compston Gin Equipment Company $250.00, Two Hundred & Fifty and no/100 Dollars.

"[Signed]   Clark Greenwood."

That thereafter the defendant Compston Gin Equipment Company, payee in said check, for value, to wit, $250.00 cash, paid to it by plaintiff, indorsed, sold, and transferred in blank said check to plaintiff, whereby plaintiff became the owner and holder thereof, and the defendants each became jointly and severally liable for the payment of same to plaintiff.

That plaintiff in due course of the banking business forwarded said check by mail to the First National Bank in Lubbock for collection and payment, but that said Lubbock bank returned said check to plaintiff with the advice that defendant Greenwood had stopped payment; that plaintiff had made demand on both defendants, and each refused to pay. Plaintiff asks judgment against both defendants, jointly and severally, in the sum of $250, with interest and costs.

Defendant Clark Greenwood, for himself alone, duly filed his plea of privilege to be sued in Lynn county, Tex., the county of his residence; states that no exception to exclusive venue in the county of one's residence provided by law exists in this cause and prayed that the cause be transferred to the county court of Lynn county.

The plea was duly verified.

Plaintiff, Mercantile Bank & Trust Company of Texas, filed a verified answer controverting the defendant's plea of privilege, on the grounds: Plaintiff's cause of action is founded upon a certain check, stating its date, signed by defendant, and stating its verbiage as in its petition, that the check was on the date of its execution indorsed in blank, sold, conveyed, and transferred for the consideration of $250 in cash by defendant Compston Gin Equipment Company to plaintiff at its banking house in Dallas, Dallas county, Tex.; that said Compston Gin Equipment Company is and was at the times stated a private corporation, domiciled and having its principal office and place of business in said city of Dallas, and was so domiciled at the time of filing this suit and service of process on each of defendants; that by the execution, indorsement, and transfer of said check, in blank, a negotiable instrument, plaintiff became the owner and holder thereof for value, and each of defendants then and there became liable thereon and promised to pay plaintiff the full amount of same, plaintiff being an innocent purchaser of said check in good faith, etc.; that each of defendants at the time of the institution of the suit were jointly and severally liable and a necessary party to the suit.

On the hearing on the plea and controverting answer it was agreed that the residence of the respective parties to the cause were

at all times and are as alleged in the pleadings; the check for $250, the subject-matter of the suit, and the indorsements thereon, were identified and put in evidence; the uncontroverted evidence shows that the check was deposited at the plaintiff bank by defendant Compston Gin Equipment Company and to its credit; the indorsements on the check are:

"Pay to Mercantile Bank & Trust Co., of Tex., Compston Gin Equipment Co., For Deposit. 7—188 N.

"Pay to the order of any Bank, banker or Trust Company. All prior endorsements guaranteed. Nov. 22, 1932–3.

"Any Bank or Banker. All prior endorsements guaranteed. Nov. 23, 1932. Federal Reserve Bank of Dallas, 32—3, O.K. W.G.A. —1236, 50 N.P. 32—61. Nov. 22, 1932, T 6."

Across the face of the instrument appear the words: "Payment stopped," written with red pencil.

A photostatic copy of a deposit slip was identified, put in evidence, and marked: "Plaintiff's Exhibit B." The original ledger sheet of the defendant company showing that a credit for the check was given and payments made thereon beginning Nov. 23, 1932, aggregating $235.64. The evidence shows that the check came to the plaintiff bank in due course of business and above amounts paid without notice of any defense against the check. The check was returned to plaintiff bank on November 26, 1932.

The court sustained the plea of privilege and ordered that the case, as to defendant Clark Greenwood, be transferred to the county court of Lynn county, to which plaintiff bank duly excepted, gave notice of, and perfected this appeal.

### Opinion.

Appellant filed assignments of error and thereunder submitted several propositions. We need not consider them severally. They are to the effect that the parties having agreed on the hearing of the plea that one of the defendants, Compston Gin Equipment Company, the payee of the check, had its domicile in Dallas county, and the undisputed evidence showing that defendants were jointly and severally liable on the check sued on, they were proper and necessary parties to plaintiff's cause of action and the relief sought, the venue of the suit being properly in Dallas county, the court should have overruled defendant Greenwood's plea of privilege.

Defendant Greenwood's counterpropositions are to the effect that neither defendant is a necessary party to the suit against the other, and that the concluding sentence of subdivision 4, art. 1995, sustains the court's order on the plea transferring the venue of the suit to Lynn county, the domicile of the defendant.

Plaintiff and defendant each refer us to the holding of the several Courts of Civil Appeals on the question of venue presented by the record. The courts have not been uniform in their holdings on the legal effect of the several provisions of the statute. The cases referred to are all prior in time to the case of Commonwealth Bank & Trust Co. v. Heid Bros., Inc. (Tex. Com. App.) 52 S.W.(2d) 74, 75.

In our opinion the case of the Commonwealth Bank & Trust Co. v. Heid Bros., Inc., above referred to, by the Commission of Appeals, Sec. A., the opinion rendered on July 19, 1932, and adopted by the Supreme Court, is conclusive of the question. That case was submitted on a certified question. The facts show that the Commonwealth Bank & Trust Company sued Marley and Heid Bros., Inc., in Bexar county, upon an indebtedness which arose out of a joint business enterprise of the defendants and for which they were jointly and severally liable to the plaintiff bank. Marley at all times resided in Bexar county, and Heid Bros., Inc. had its domicile in El Paso county. Heid Bros., Inc., pleaded its privilege to be sued in El Paso county. On the hearing on the plea the trial court sustained the plea and ordered the case transferred to El Paso county. The bank appealed and the question of venue was certified to the Supreme Court. The question certified was as follows:

"Was this suit of appellant maintainable in Bexar County against appellee, Heid Bros., a corporation, domiciled in El Paso County, by virtue of exceptions to exclusive venue prescribed in sections 4 and 29a, art. 1995, in the face of appellee's timely plea of privilege to be sued in said county of its domicile?"

For purpose of application of that case to the instant case, defendant Clark Greenwood sustains the same relationship to this suit as Heid Bros. did to the case referred to, the nonresident defendant, jointly and severally, liable to the plaintiff bank. In that case the court held, under its definition of "necessary parties" as that term is used in subdivision 29a, article 1995, of the Statutes 1925 (as added by Acts 1927, 1st Called Sess., c. 72, § 2 [Vernon's Ann. Civ. St. art. 1995, subd. 29a]).

that Heid Bros. was both a necessary and proper party to the suit. The court further said:

"In this connection it is noted that D. D. Marley and Heid Bros. are jointly and severally liable to the plaintiff bank. We presume that the bank is here asserting all of its rights by seeking both a joint and a several judgment. Such being the case, the bank is entitled to the complete relief sought: that is, it is entitled to a joint judgment against the two defendants, as well as a several judgment against each of them. Of course, a joint judgment could not be rendered against both defendants unless they are both made parties defendant in the same action. It follows that Heid Bros. is both a proper and a necessary party to this suit."

The court held that the certified question should be answered, "Yes."

The opinion, in our judgment, has application to this case. Plaintiff's suit shows a joint and several liability of each of the defendants and plaintiff is seeking a judgment against defendants, jointly and severally.

We think the court was in error in sustaining the plea of privilege.

The case is reversed and judgment here rendered overruling the plea of privilege.

Reversed and rendered.