### EMERSON et al. v. PARK et ux.
### No. 9987.

Court of Civil Appeals of Texas. Galveston.

June 26, 1934.

Rehearing Denied July 19, 1934.

642

Boyles, Scott, Fahey & Atkinson and Frank G. Dyer, all of Houston, for appellants.

Peak & Rowland, of Houston (Jack W. Rowland, of Houston, of counsel), for appellees.

LANE, Justice.

This suit was brought by J. H. Park and wife, Annie C. Park, in the district court of Brazoria county, Tex., against B. C. Emerson and G. C. Emerson, doing business under the name of Emerson Truck Line.

Plaintiffs in their petition alleged that on or about the 21st day of November, 1932, defendants were engaged in operating a truck line known as the Emerson Truck Line, and that on said date they operated a certain truck by authority of the Railroad Commission of Texas upon and over highways of Texas, under and by virtue of the laws of said state; that such truck was on said date being operated by an agent of defendants in their behalf and interest and under their direction.

They alleged that they are the father and mother of Jesse Louis Park, deceased; that on or about the 21st day of November, 1932, their son, Jesse, was operating his motorcycle upon the highway in Brazoria county, Tex., in a prudent, lawful, and careful manner, and in compliance with the law governing such operation; that deceased was proceeding along the right-hand side of the public highway in Brazoria county, and that while he was so proceeding defendants' truck was by their servant and agent in charge of their truck driven carelessly, negligently, and unlawfully, and at an unlawful and dangerous rate of speed, on the left side of said highway, the wrong side thereof; that while so driving the truck the driver thereof failed to keep a proper lookout; that while he was driving at such dangerous rate of speed he permitted the truck to zigzag and cross from one side of the highway to the other side thereof; and that in so doing the truck was driven on the left side of the highway into and upon the motorcycle upon which Jesse Louis Park was riding and so injured him as to cause his death.

Plaintiffs alleged that at the time of such injury and death Jesse Park was 28 years of age, unmarried, and was contributing approximately $75 to $100 per month to the support of plaintiffs; that he had a reasonable life expectancy of thirty-seven years and that at the time of his injury and death he was earning $50 per week; that by reason of such injury and death of Jesse Louis Park plaintiffs have been damaged in the reasonable sum of $15,000; that by reason of such injury and death plaintiffs have been forced to incur and have incurred medical, hospital, and funeral expenses aggregating $450, which expenses were reasonable and necessarily incurred.

Plaintiffs prayed for a recovery of $25,-450, which included the sum of $5,000 for pain and suffering suffered by them by reason of the injury and death of their son.

Defendants duly and in manner and form as required by law filed their plea of privilege to be sued in the county of Harris, the place of their residence. To such plea plaintiffs in due time filed their plea controverting the same, as follows:

"Comes now J. H. Park and wife, Annie C. Park, plaintiffs in the above styled and numbered cause, for plea controverting the plea of privilege of the defendant filed herein on the ——— day of January, 1933, respectfully shows the Court:

"1. That plaintiffs are both bona fide residents of Brazoria County, Texas; that plaintiffs' petition previously filed herein, and to which reference is here made for all purposes, alleges a cause of action arising entirely in Brazoria County, Texas; that defendants are lawfully authorized to operate and at all times herein were so authorized and were actually operating a truck line in the State of Texas and in Brazoria County, Texas; that the defendants knowingly and with their consent and approval and under their direction permitted and/or caused their agent, servant, or employee, one L. L. Emerson, to operate a truck for the said Emerson Truck Line in Brazoria County, Texas, and that said operation of said truck by the said Emerson Truck Line in Brazoria County, Texas, directly caused and brought about all matters and things upon which plaintiffs' cause of action is based and that the entire transaction, to-wit, an accident involving said truck being so operated by the defendants in Brazoria County, Texas, and the fatal injury to the deceased son of the plaintiffs, occurred and arose entirely in Brazoria County, Texas, as is more fully described and set

forth in plaintiff's original petition above referred to.

"2. That the defendants were operating said truck line, and the particular truck herein involved, by virtue of their compliance with the laws of the State of Texas and a permit which defendants had procured, prior to the time of said accident and fatal injury, from the Railroad Commission of Texas, permitting defendants to operate said truck and said truck line over the highways in Brazoria County and elsewhere in the State of Texas.

"3. That said truck line and said truck were being so operated by defendants at all times herein and that such operation together with the negligence, carelessness, and unlawful and improper manner in which said truck was being operated by the defendants at the time this cause of action arose, as is more fully set out in plaintiffs' petition, occurred entirely and in all things in Brazoria County, Texas.

"4. That defendants are all residents of the State of Texas and have their domicile in Harris County, Texas.

"5. That the principal office or headquarters from which said truck line is operated is located in Harris County, Texas, and that the aforesaid truck involved herein was being operated at all times herein by the defendants in Brazoria County, Texas.

"6. That plaintiffs at all times concerned in said cause of action have been and are now bona fide residents of Brazoria County, Texas.

"7. Plaintiffs further say that because of the matters and things above set out this Court has venue of this suit.

"8. Premises considered, plaintiffs pray that such plea of privilege be in all things overruled."

Such plea was duly sworn to by both plaintiffs.

Defendants in due time demurred generally to the controverting affidavit, asserting that such affidavit is insufficient in law to show that plaintiffs' cause falls within any exception to the venue statute requiring suits to be brought in the county of defendants' residence. Specially excepting to such controverting affidavit, defendants say that the same "is insufficient in law to show that this court has venue of this cause of action because said controverting affidavit shows on its face that defendants reside in Harris County, Texas, and not in Brazoria County, Texas, and said controverting affidavit fails to allege any specific facts which bring this cause within any of the exceptions of the venue statute."

The court overruled the exceptions to the controverting affidavit of the plaintiffs and, upon a hearing upon evidence of the parties, overruled defendants' plea of privilege. From such action and ruling of the court defendants have appealed.

Appellants for reversal of the judgment contend that the court erred in not sustaining their exceptions to appellees' controverting affidavit and in overruling their plea of privilege, in that it is alleged in such affidavit that defendants resided in Harris county, Tex., and no facts are alleged showing that plaintiffs' cause was within any exception to article 1995 of Revised Civil Statutes (amended [Vernon's Ann. Civ. St. art. 1995]) requiring defendants to be sued in the county of their residence. Wherefore such affidavit was insufficient to show that plaintiffs' cause was maintainable in the district court of Brazoria county, Tex., or elsewhere other than in the district court of Harris county, Tex.

In connection with the above contention, appellants make the further contention that the reference made to the plaintiffs' petition set out in the controverting affidavit, which we have above copied, does not constitute such petition a part of the affidavit, and, since the plaintiffs' said affidavit did not adopt or make the allegations of plaintiffs' petition a part thereof by reference and since no copy of the plaintiffs' petition was attached to the affidavit as an exhibit, the allegations in the controverting affidavit cannot be aided by the allegations in the petition, and without such aid said affidavit is insufficient to overcome the plea of privilege of the defendants.

There is no question involved here as to the sufficiency of the evidence to sustain venue in Brazoria county.

There are really only two questions presented to be determined by this court on this appeal. They are, first, Was the reference to the plaintiffs' petition as made in the controverting affidavit sufficient to make the averments of the petition, or the pertinent parts thereof, a part of the controverting affidavit? And, second, Was the controverting affidavit taken alone as written subject to the exceptions addressed to it by the defendant?

In the controverting affidavit the plaintiffs' petition on file in the cause is expressly "referred to for all purposes." The affidavit

then proceeds to state that such petition contains certain specific pertinent allegations, and then recites that such allegations are more fully described and set forth in the plaintiffs' petition.

The third paragraph of the affidavit is as follows: "That said truck line and said truck were being so operated by defendants at all times herein and that such operation together with the negligence, carelessness and unlawful and improper manner in which said truck was being operated by the defendants at the time this cause of action arose as is more fully set out in plaintiffs' petition occurred entirely and in all things in Brazoria County, Texas."

Unquestionably the petition of plaintiffs, when looked to, alleges facts which, if true, would confer jurisdiction on the district court of Brazoria county to hear and determine the issues involved in the suit, and it follows that, if such petition may be looked to and considered as a part of the controverting affidavit, such affidavit would not be subject to the exceptions addressed to it by the defendants.

In support of appellants' contention that the petition of the plaintiffs was no part of the controverting affidavit, in that it did not adopt or make plaintiffs' petition a part thereof by reference or by attaching same as an exhibit, they cite Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.(2d) 347, 351; Bramblett v. Roby State Bank (Tex. Civ. App.) 67 S.W.(2d) 450, 451; Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515; Benedum v. Woodley, Inc. (Tex. Civ. App.) 50 S. W.(2d) 493.

In all the cases cited it is intimated, if not held, that, if the petition of the plaintiff was made a part of the affidavit by reference thereto, or by attaching the same as an exhibit, the allegations therein might be looked to and considered as a part of the affidavit, and, if in such circumstances the petition disclosed a cause of action maintainable in the county where brought, over a plea of privilege interposed by the defendant, the controverting affidavit, if supported by proof of the facts alleged in the petition, should be sustained. In the cases cited it is suggested that, as the affidavit in those cases failed to make the plaintiff's petition a part of the affidavit, such petition could not be resorted to in aid of the affidavit, and such suggestions are considered by counsel for appellants as holdings that, unless it is affirmatively stated in the affidavit that the petition is referred to for all purposes, and made a part thereof, or unless the petition is attached as an exhibit, the petition cannot be considered in aid of the affidavit. Upon such construction counsel contends that the recitals in the affidavit in the present case "that plaintiffs' petition, filed herein, to which reference is made for all purposes" and "such allegations are more fully described and set forth in plaintiffs' petition" do not make the petition a part of the affidavit, nor authorize the court to consider the petition in disposing of the exception to the controverting affidavit.

To such construction and conclusion of appellants' counsel we cannot concur. It is true that in the first two of the cases cited by appellants it is said:

"It is true that the affidavit states that reference is made to the petition, but we do not think that this statement is sufficient for any court to say that the party who swore to it made the petition a part thereof and thereby swore to the entire petition." Henderson Grain Co. v. Russ, supra.

"The petition is not set out as an exhibit to either of the controverting pleas, nor is it referred to and adopted as a part thereof." Bramblett v. Roby State Bank, supra.

But if by such statements the courts deciding those cases meant to say that the affidavit in such case was subject to be stricken on demurrer because the party who swore to it did not swear to the entire petition referred to in the affidavit, the same reasoning would apply in cases where affiant states in the affidavit that he refers to the petition and makes it a part thereof, or where the petition is attached as an exhibit. However, in the latter class of cases many of our courts have upheld such controverting affidavits. Perkins v. Texas Bank & Trust Co. (Tex.Civ.App.) 230 S. W. 736; First Nat. Bank of Jacksonville v. Childs (Tex. Civ. App.) 231 S. W. 807; Randals v. Green (Tex. Civ. App.) 258 S. W. 528, 529; Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 4 S.W.(2d) 995; Paxton v. First State Bank of Tatum (Tex. Civ. App.) 42 S.W.(2d) 837, 838; American Publishing Co. v. Rogers (Tex. Civ. App.) 65 S.W.(2d) 801, at page 804.

In the Paxton Case it is said: "It seems to be a well-settled rule that when the pleadings of the plaintiff are attached to the controverting affidavit, or are referred to in such a way as to become a part of same, such allegations of fact contained in the petition,

if sufficient, will meet the requirements of the law."

In the Randals Case it is said: "Appellant contends that the controverting affidavit of appellee was not sufficient because it did not embrace within itself the allegations of fraud and conversion, but simply referred to the petition. Where the controverting affidavit refers to the plaintiff's petition and makes same a part thereof, it is sufficient. First National Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; Perkins v. Texas Bank & Trust Co. (Tex. Civ. App.) 230 S. W. 736."

Perkins v. Texas Bank & Trust Co. (Tex. Civ. App.) 230 S. W. 736, 737, is a case in which the controverting affidavit contained the following: "And plaintiff here refers to his original and amended petitions filed in this cause, for a full statement of the nature of this cause of action, against the defendants."

In that case the appellate court said: "Under the allegations of the plaintiff's controverting plea, of which, by proper reference, the petition in the main suit is made a part, sufficient and proper allegations of fact are made to fix the venue as to all parties sued in the court of El Paso county, and therefore the trial court did not err in overruling the exceptions to the plea."

In the case of First Nat. Bank v. Childs (Tex. Civ. App.) 231 S. W. 807, it was held, as shown by the syllabus, that: "A plea controverting a plea of privilege to be sued in another county was not insufficient because not specifically alleging facts relied on to confer venue, as required by statute, where it pleaded that the suit was founded upon an offense and trespass committed by defendants in the county as set out in the petition to which reference was made, since the averments of the petition were thereby made a part of the controverting plea and the petition stated facts satisfying the statute."

We have reached the conclusion that the action of the court in overruling the defendants' exception to the controverting affidavit of the plaintiffs is supported by the weight of authority. We have therefore overruled appellants' contention.

What we have said renders it unnecessary to discuss the question as to whether the affidavit, taken alone, was subject to the exception addressed to it by the defendants.

For the reasons pointed out, the judgment is affirmed.

Affirmed.