### TAYLOE et al. v. FEDERAL LAND BANK OF HOUSTON.

No. 3355.

Court of Civil Appeals of Texas. Beaumont.

Nov. 4, 1938.

Rehearing Denied Nov. 9, 1938.

Prentice Wilson and R. T: Bailey, both of Dallas, for appellants.

Lewis Rogers, Frank Killough, Carl Runge, and Cedric Taylor, all of Houston, for appellee.

WALKER, Chief Justice.

On the 22nd day of June, 1925, Lee Tayloe, a single man, individually and as survivor of the community estate of himself and his deceased wife, executed and delivered his note to appellee, The Federal Land Bank of Houston, for the sum of $13,000, and secured the note by deed of trust on certain real estate situated in Red River County; on its face, the note was payable to appellee at its office in Harris County, in sixty-eight semi-annual installments, and gave the holder the right, on default in any payment, to mature all future installments. Under the provisions of the federal law, regulating loans made by appellee, Clarksville National Farm Loan Association made the following written guarantee, written on the note:

"For value received we hereby guarantee the payment of the within note, according to the terms thereof, both as to principal and as to interest.

"Clarksville National Farm Loan Association,

"By T. E. Williams, Sec.-Treas.,

"By H. H. Spoede, President."

Lee Tayloe made default on the installment due July 6, 1927, amounting to the sum of $422.50. Under its guaranty Clarksville National Farm Loan Association paid that installment to appellee, and appellee by written transfer, reading in part as follows, transferred the installment to the Association:

"That the installment hereby transferred is hereby made and shall forever remain a second and inferior lien to the lien securing the payment of the remainder of said note, now owned by said Bank. * * *

"To have and to hold, subject to the above conditions, unto the Clarksville National Farm Loan Association, their successors and assigns, and the above described installment, together with all and singular the contract lien, vendor's lien, rights, equities, title and interest in and to said land, which it has by virtue of being the legal owner and holder of said installment and the lien securing the payment of the same."

Lee Tayloe died on the 4th day of September, 1935, leaving surviving him as his only heirs, R. L., Lewis, Sam, William, and Mrs. Minnie Tayloe. After the death of Lee Tayloe, appellee made demand upon his heirs for payment of the maturing installments on his note. Payment was refused, and on the 15th day of June, 1937, appellee instituted this suit in Harris County against the heirs of Lee Tayloe, decd., the Clarksville National Farm Loan Association, and other parties not necessary to name, praying for judgment for the foreclosure of its mortgage lien against the land described in its deed of trust. There was no necessity for administration on the estate of Lee Tayloe, decd.

The Tayloe heirs answered by pleas of privilege to be sued in the counties of their residence, or in the alternative, for all of them to be sued in Red River County. These pleas were duly controverted by appellee on allegations that all parties defendant were necessary parties to its foreclosure suit in Harris County. The pleas of privilege were overruled; the heirs prosecuted their appeal to the Galveston Court of Civil Appeals, and the case is on our docket by order of transfer by the Supreme Court.

Opinion

The judgment of the lower court must be affirmed. Appellee had venue of Clarksville National Farm Loan Association by contract; the Association "bound itself to pay the note, according to the terms thereof;" and the terms thereof included the place of payment. The As-

sociation also held a lien against the land, inferior to appellee's lien by reason of the transfer referred to above, and appellee had the contractual right given it by the Association to sue it in Harris County to foreclose that lien. Having venue against one of the defendants to foreclose its lien in Harris County, appellee had venue in Harris County to foreclose its lien against all parties asserting an adverse interest in the land, that is to say, appellants were necessary parties to appellee's suit to foreclose its lien against the Association.

Affirmed.