## WOOD v. FONDREN et al.
### No. 12814.

Court of Civil Appeals of Texas. Dallas.
July 29, 1939.

Rehearing Denied Oct. 14, 1939.

Geo. M. Hopkins, of Denton, for appellant.

J. F. Harrington, of McKinney, for appellees.

YOUNG, Justice.

C. R. Wood, defendant in the trial court, has appealed from an order overruling his plea to be sued in the county of his residence, Denton County. The suit was filed in the District Court of Collin County by F. S. Fondren, plaintiff, against Willie Marion, a resident of Collin County, and appellant, on a deed of trust note for $800, dated October 4, 1930, executed by Willie Marion, payable to said Fondren in Collin County five years after date, bearing interest at 8%, providing for attorney's fees and for foreclosure of lien; the description of the property securing the debt in deed of trust to Ed Blakeman, Trustee, being: "All my undivided interest in and to the 160 acres of land in Denton County, Texas, adjoining the town of Sanger and being the land occupied and used by my father prior to his death and on which my mother now resides and for a description of which reference is here made to the deed conveying the said land to my father, Bill Marion. This conveyance includes the interest inherited by me from my said father and that I may inherit from my mother or that may be devised to me by her."

Defendant Willie Marion filed waiver of service and entered appearance in the cause. To the plea of privilege of the co-defendant Wood, plaintiff filed controverting affidavit, containing in part the following recitals: "That this suit is based upon a written contract executed by the defendant, Willie Marion, in which he agreed to perform the same in Collin County, Texas, * * * and at the same time executed a deed of trust lien on real property all described in plaintiff's original petition herein, and made a part hereof. * * *. Plaintiff further alleges that defendant, C. R. Wood, is alleging and claiming the real security for the above described debt, and is a necessary party to this suit to prevent multiplicity of suits, and one interested in the result thereof." Plaintiff asserted venue over such de-

fendant under Subds. 4, 5, and 29a of Art. 1995, R.S., Vernon's Ann.Civ.St. art. 1995, subds. 4, 5, 29a, and upon a hearing of the plea and testimony in connection therewith, the same was overruled.

Appellant was a brother-in-law of Willie Marion, having married a daughter of the "Bill Marion" mentioned in Fondren's deed of trust. In May, 1937, he had purchased from Willie Marion, for a recited consideration of $800, all of said grantor's right, title and interest in and to about 155 acres of land lying adjacent to Sanger, Denton County, the description in the deed to C. R. Wood being the same as contained in a deed thereto from H. Spain and wife to William Marion, of date July 31, 1919. It is the contention of plaintiff that the land or interest therein, securing the $800 note sued on, is the same as that described in the 1937 deed to appellant from Willie Marion; that said plaintiff is asserting a prior lien thereon, which he is seeking to foreclose; and that defendant became a necessary party to this action by reason of his adverse claim to said property or security. On the other hand, appellant submits error in the overruling of his plea, because (1) plaintiff's controverting affidavit, in itself, insufficiently alleged a cause of action in Collin County, or elsewhere, against defendant C. R. Wood, and that he had failed to make his petition a part thereof, under the statutory requirement to specifically set out the fact or facts relied upon to confer venue; (2) no cause of action was proven in Collin County, or elsewhere, against C. R. Wood, the description contained in the deed of trust being so vague and indefinite as to be ineffective as a conveyance or lien; (3) the description in the deed of trust was likewise so vague and indefinite as not to constitute constructive notice of plaintiff's lien, defendant being an innocent purchaser for value.

■■ Unquestionably, if plaintiff's petition be considered in aid of his controverting affidavit, the latter is sufficient in specifications of fact to meet the requirements of the statute (article 2007, R.S.). In other words, the two documents taken together allege facts which, if true, would confer venue on the District Court of Collin County, to hear and determine all issues involved as to both defendants. Appellant argues that the reference in plaintiff's affidavit to

his petition, making it a part thereof, was merely to the extent of supplying a description of the land. No demurrer was leveled to the controverting plea for indefiniteness, in absence of which, every reasonable intendment in favor of its sufficiency will be indulged. Rule 17, District and County Courts. However, it is not necessary for us to thus aid the affidavit in question by judicial construction, as, by its plain wording, the petition is effectually made a part of said verified plea and thereby, the terms of Art. 2007 are fully met. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; Jefferies v. Dunklin, 131 Tex. 289, 115 S.W. 2d 391; Farmers' Seed & Gin Co., Inc. v. Brooks, Tex.Civ.App., 85 S.W.2d 1096 (Following answer to certified question in same case by Supreme Court, 125 Tex. 234, 81 S. W.2d 675); Emerson v. Park, Tex.Civ.App., 73 S.W.2d 641.

■ It will be observed that plaintiff's suit was filed in the District Court of Collin County against a resident defendant, in which the non-resident C. R. Wood was joined. Ample proof was adduced to fix venue under Subd. 4, as to the local defendant. By reference to the petition, we find a cause of action alleged against appellant, the non-resident, so intimately connected with that against the local defendant, that the two actions are properly joined under the rule intended to avoid a multiplicity of suits. Nothing more is necessary to confer venue upon appellant: Stockyards Nat. Bank v. Maples (Sup.Ct. adopted), 127 Tex. 633, 95 S.W.2d 1300; though plaintiff went further by offering proof tending to show defendant's adverse claim to the identical property on which petitioner was asserting his lien and right of foreclosure. Likewise, from this record, appellant is a necessary party under Subd. 29a, Art. 1995, being "one who is so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party". Commonwealth Bank & Trust Co. v. Heid Bros. (Sup.Ct. adopted), 122 Tex. 56, 52 S.W.2d 74, 75; Pioneer Bldg. & Loan Ass'n v. Gray (Sup.Ct. adopted), Tex.Com.App., 125 S.W.2d 284.

The order overruling the plea of privilege in question was correct, and the judgment of the trial court is accordingly affirmed.

Affirmed.