BIGGS et al. v. SOUTHLAND LIFE INS. CO.

No. 13006.

Court of Civil Appeals of Texas. Dallas.

March 22, 1941.

Rehearing Denied April 19, 1941.

H. H. Cooper, of Amarillo, for appellants.

Malone, Lipscomb, White & Seay and John Plunket, all of Dallas, for appellee.

BOND, Chief Justice.

Southland Life Insurance Company (appellee) instituted this suit in a district court of Dallas County, Texas, against Ray Gares and wife, for debt and foreclosure of lien on realty located in Carson County, Texas, vouching into the suit Lillian Biggs and husband, E. R. Biggs, on allegations that they are claiming some lien, title, or interest in and to said realty, which is inferior and subordinate to the lien owned and held by plaintiff. Defendants Lillian Biggs and E. R. Biggs (appellants) interposed pleas of privilege to be sued in Carson County, where the land is located, or in Deaf Smith County, where they reside. Each plea of privilege was controverted, appellee setting out in detail its lien, alleging that Lillian Biggs was a necessary party because of her adverse claim to the property, and that E. R. Biggs, as husband of Lillian Biggs, was also a necessary party. Venue in Dallas County was claimed under Subds. 5 and 29a of Art. 1995, Revised Civil Statutes, Vernon's Ann. Civ.St. art. 1995, subds. 5, 29a.

Upon hearing, the trial court overruled both pleas of privilege, and that order is the basis of this appeal.

The lien, title and interest in the land, claimed by both plaintiff and defendants, emanated from a common source: On February 13, 1931, A. C. Dacus and wife executed and delivered to E. R. Biggs, as trustee for Biggs Investment Company, two deeds of trust, the first securing payment of notes aggregating $2,000; the second securing payment of notes aggregating $161.87, representing interest on the first $2,000 indebtedness, and reciting that it was junior and inferior to the first deed. The first deed of trust was filed for record April 13, 1931, and the second on November 24, 1933. During this intervening period, on April 28, 1931, Biggs Investment

Company sold and transferred the first deed of trust to All American Life Insurance Company, representing therein that it was a first valid lien upon the property in question; on April 27, 1933, Dacus and wife gave the All American Life Insurance Company a renewal and extension of its lien evidenced by the first deed of trust, and, on September 8, 1933, the All American Life Insurance Company sold its lien to the Trinity Life Insurance Company,—these transactions seemingly without reference to the second deed of trust.

On January 4, 1935, after default in payment of the indebtedness evidenced by the above transactions, Trinity Life Insurance Company accepted a warranty deed to the property from Dacus and wife, and, as consideration therefor, agreed to cancel the balance due on the renewal note given by Dacus on April 27, 1933, to All American Life Insurance Company; and, on the same day (January 4, 1935), Trinity Life Insurance Company gave a warranty deed conveying the property to Ray Gares, retaining therein a vendor's lien to secure the payment of a promissory note given, in part, as the consideration for said deed. This note and lien were assigned by Trinity Life Insurance Company to Gulf States Security Life. Then, on December 28, 1936, Gares and wife extended and renewed this indebtedness and executed a deed of trust to Gulf States Security Life, which debt and lien were, on May 17, 1938, assigned to Southland Life Insurance Company. These transactions are the basis of plaintiff's suit.

■ The record shows that all the aforesaid notes were made payable in Dallas County, Texas; all the deeds of trust describe the same property, located in Carson County, Texas; and the amount involved is within the jurisdictional limits of the district court. This reflects appellee's title lien and interest in the realty; and to secure full relief by foreclosure of its lien, all necessary parties should be brought into the suit.

As stated, the defendants, Lillian Biggs and E. R. Biggs, deraign title to their interest in the realty through the aforesaid second and inferior deed of trust, executed by A. C. Dacus and wife, dated February 13, 1931, to secure the note of $161.87; and, on July 7, 1936, E. R. Biggs, as trustee in said deed of trust, conveyed the realty to his wife, Lillian Biggs. It will readily be seen that the claim of E. R. Biggs

and wife emanated from the same grantor Dacus, and out of the same transaction as did the original claim of plaintiff, Southland Life Insurance Company, and its predecessors in title. The sole question presented on this appeal is, were the Biggses necessary parties, as contemplated by Subds. 5 and 29a, Art. 1995, R.C.S., Vernon's Ann.Civ. St. art. 1995, subds. 5, 29a?

■ Probably the leading and most recent pronouncement of the Supreme Court on this point is that of Pioneer Building & Loan Ass'n v. Gray et al., 132 Tex. 509, 125 S.W.2d 284, 286. That was a foreclosure suit in which a grantee of the mortgagor was joined. In holding the grantee to be a necessary party, Judge Hickman pointed out that, in Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, the Supreme Court stated the rule to be that a necessary party is "one who is so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party"; and stated further, that in applying the rule, "The test there applied was not whether the plaintiff could obtain any relief without the joinder of both defendants, but whether he could obtain the complete relief sought without their joinder." Citing that case, and elucidating somewhat the definitions laid down by the Supreme Court, in Commonwealth Bank & Trust Co. v. Heid Bros., supra, this Court, in the case of Wood v. Fondren, 131 S.W.2d 1070, 1071, in affirming the judgment overruling the plea of privilege, speaking through Mr. Justice Young, says:

"It will be observed that plaintiff's suit was filed in the District Court of Collin County against a resident defendant, in which the non-resident C. R. Wood was joined. Ample proof was adduced to fix venue under Subd. 4, as to the local defendant. By reference to the petition, we find a cause of action alleged against appellant, the non-resident, so intimately connected with that against the local defendant, that the two actions are properly joined, under the rule intended to avoid a multiplicity of suits. Nothing more is necessary to confer venue upon appellant: Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, (Sup.Ct.Adopted); though plaintiff went further by offering proof tending to show defendant's adverse claim to the identical property on which petitioner was asserting his lien and right of

foreclosure. Likewise, from this record, appellant is a necessary party under Subd. 29a, Art. 1995, being 'one who is so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party'. Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, 75, (Sup. Ct.Adopted); Pioneer Bldg. & Loan Ass'n v. Gray [132 Tex. 509], 125 S.W.2d 284 (Sup.Ct.adopted)."

This same thought is carried through a most able opinion by the Beaumont Court of Civil Appeals, in Tayloe v. Federal Land Bank, 120 S.W.2d 825, 826. There, Tayloe executed a note payable to plaintiff in Harris County. In a terse, clear and well-stated opinion, Mr. Chief Justice Walker says: "The judgment of the lower court must be affirmed. Appellee had venue of Clarksville National Farm Loan Association by contract; the Association 'bound itself to pay the note, according to the terms thereof;' and the terms thereof included the place of payment. The Association also held a lien against the land, inferior to appellee's lien by reason of the transfer referred to above, and appellee had the contractual right given it by the Association to sue it in Harris County to foreclose that lien. Having venue against one of the defendants to foreclose its lien in Harris County, appellee had venue in Harris County to foreclose its lien against all parties asserting an adverse interest in the land, that is to say, appellants were necessary parties to appellee's suit to foreclose its lien against the Association."

It will be seen that the above cases involve the same type of action as involved here, making clear the position of plaintiff, maintaining its suit under a contract in writing to perform an obligation in a particular county expressly named in the contract, and that appellants' subsequent lien holders, or grantees, were necessary parties, as contemplated by the statute, supra. Plaintiff and the defendants, Biggs and wife, through their respective predecessors in interest, acquired their respective rights in the property, not only from the same source, but as a part of the same transaction,—plaintiff a first lien and defendants a second lien; the second lien being given to secure interest to become due on the indebtedness secured by plaintiff's lien.

Manifestly, one who is so vitally interested in the foreclosure of the liens in litigation that plaintiff could not obtain the complete relief sought without their joinder, is a necessary party. It could hardly be said that the claim of appellants is not such as would be a detriment or hindrance to the sale under foreclosure.

Defendants contend, however, that their presence in the suit is materially altered by the transactions of the Trinity Life Insurance Company, in accepting a warranty deed from Dacus and wife, in cancellation of the prior indebtedness, and thereafter conveying the property to a grantee, in consideration of other notes secured by vendor's lien on the property conveyed. Appellee, in controverting affidavits, alleged in effect that there was, in fact, no merger of the prior and superior lien held by Trinity Life Insurance Company into title to the land, such as would give a secondary lien holder priority of lien. Indeed, these transactions changed the form or character of lien from that of a deed of trust lien to a vendor's lien. However, viewing the numerous transactions, assignments, transfers, renewals and extensions, we think it can hardly be said, as a matter of law, that it was the intention of the holder of the first and superior lien (Trinity Life Insurance Company), in accepting the deed, to waive its rights of lien priority. Whether the lien then held by the Trinity Life Insurance Company was extinguished by a merger of estates, as indicated in the transactions, would depend upon the intention of the lien holder, as it had the election to keep the prior lien alive, if desired. Baylor University v. Bank, Tex.Civ.App., 82 S.W.2d 738. Whether the taking of the vendor's lien in lieu of the deed of trust lien operated as a waiver of the security afforded by the first deed of trust is a question of fact; such issue is not one of venue, but one for consideration on the merits of the cause.

The judgment is affirmed.