Priscilla BOWMAN, Appellant,

v.

Dr. Doyle L. SHARP, Appellee.

No. 7126.

Court of Civil Appeals of Texas, Beaumont.

Feb. 12, 1970.

Harris, Davant & Fewell, Houston, for appellant.

Sheinfeld & Maley, Houston, for appellee.

PARKER, Chief Justice.

In a trial before the court plaintiff, Dr. Doyle L. Sharp, recovered judgment against the defendant, Priscilla Bowman, in "the sum of $10,000.00, together with interest on the sum of $10,000.00 from December 5, 1962 until March 5, 1963 at the rate of 6% per annum, and thereafter at the rate of 10% per annum until paid, together with attorney's fees in the amount of 10% of the total amount of principal and interest due and owing, and for Plaintiff's costs of Court, for all of which Plaintiff may have execution." The parties will be designated as in the trial court.

The plaintiff in his first amended petition sued upon a $20,000.00 note and a guaranty agreement, each dated December 5, 1962. The Hereford Land Company was the maker of the note for $20,000.00 payable to the order of American Bank and Trust Company, Dallas, Texas. The note, dated December 5, 1962, is executed by the officers of Hereford Land Company, namely: Thomas A. Bowman, President; Ray Dault, Secretary-Treasurer; Doyle L. Sharp, M.D., Vice President. On the same date a guaranty agreement was executed by Thomas A. Bowman, Mrs. Thomas A. Bowman (his wife), Ray Dault, Mrs. Ray Dault (his wife), and Doyle L. Sharp, M.D., for the purpose of jointly and severally guaranteeing payment and performance by Hereford Land Company of all monies to be paid American Bank and Trust Company under the terms of the note of December 5, 1962. Such guarantors agreed (1) to hold said Bank harmless (but not its successors or assigns) against all obligations, demands, losses, or liabilities as a result of or growing out of the $20,000.00 note transaction as part of this guaranty; and (2) the guaranty "shall continue in force until Second Party shall have received payment in full." Second Party is the American Bank and Trust Company, Dallas, Texas.

Dr. Sharp, Thomas Bowman and Ray Dault were the sole stockholders of Hereford Land Company and the guaranty form was prepared by American Bank and Trust Company for its protection. Dr. Sharp testified that on February 26, 1963, he substituted his note for the Hereford Land Company note and the trial court so found. After American Bank and Trust Company accepted Dr. Sharp's note for the Hereford Land Company note the Bank was paid in full by Dr. Sharp in August, 1968. Thus, the original indebtedness was discharged and the obligations of the guaranty were extinguished since American Bank had then received "payment in full", which took place before plaintiff sued defendant, Mrs. Bowman. The guaranty did not extend to Dr. Sharp as an assignee of American Bank and Trust Company.

It was not a continuing contract but one which expired upon a contingency certain— the payment of the note to American Bank and Trust Company. It is unlike the guaranty contract discussed in Thompson v. North Texas National Bank, 37 S.W.2d 735 (Tex.Com.App., 1931) holdings approved by the Supreme Court. As guarantor, Mrs. Bowman, did not bind herself to pay the note according to the terms thereof as in Tayloe v. Federal Land Bank of Houston, 120 S.W.2d 825 (Beaumont Civ.App., 1938, no writ).

Defendant, Mrs. Thomas A. Bowman's (the same person as Mrs. Priscilla Bowman) contention the court erred in not rendering judgment that plaintiff take nothing as against her is sustained.

Judgment of the trial court is reversed and judgment here rendered that plaintiff take nothing as against Mrs. Bowman with all costs adjudged against plaintiff.