CITY OF AZLE, Texas, and Charles Stewart, et al., Appellants,

v.

Peggy BATY et al., Appellees.

No. 17871.

Court of Civil Appeals of Texas, Fort Worth.

June 30, 1977.

Kenneth N. Price, Azle, for City of Azle and Charles Stewart.

Fred Barker, County Atty., Parker County, Weatherford, for Troy Sessums.

Charles Baldwin, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

Peggy Baty, Karen Baty, and John Meyers, plaintiffs, brought suit for damages in Tarrant County, Texas, against three defendants, Charles Stewart, individually and as Chief of Police of Azle, Texas, Troy Sessums, individually and as Deputy Sheriff of Parker County, Texas, and the City of Azle, Texas, a municipality.

Each of the defendants separately filed plea of privilege seeking transfer of the case as against him (or it) to the District Court of Parker County. Following a hearing the order of the trial court overruled the pleas of all the defendants. Therefrom all of the defendants appealed.

We affirm the trial court as applied to its ruling on the pleas of all except the defendant Troy Sessums. The order of the trial court overruling the plea of privilege of Troy Sessums is reversed, with the suit of plaintiffs as against him ordered transferred to the District Court of Parker County, Texas.

The following provides explanatory facts considered in our decision: There was issued by a Justice of the Peace of the county of suit a "search and seizure" warrant during the early hours of the morning of August 22, 1976, following presentation of the joint affidavit of Sessums and Stewart. The search warrant was for the "illegal Narcotic Drug to wit: Marijuana believed unlawfully possessed by Peggy Beaty, Karen Beaty and John Meyers and secreted on the premises of 1105 Jarvis Street, in the City of Azle, County of Tarrant, State of Texas."

Stewart, the Chief of Police for the City of Azle, accompanied and directed deputies under his command to 1105 Jarvis Street in Azle, in Tarrant County, the residence of all the plaintiffs, and entry was made upon said premises and into the residence by authority of the warrant.

It is not a matter of dispute but that marijuana was discovered pursuant to the execution of the warrant. All three of the plaintiffs were taken into custody. The two female plaintiffs were taken to the Police Station of the City of Azle, and, without having been taken before a magistrate of Tarrant County (in which the warrant was executed and their arrests accomplished) were removed from the county

without having been charged. Actually they were released on bond from the jail in Parker County the afternoon of the same or the day following.

Defendant Sessums was not shown to have ever entered upon the premises or to have participated in the search of the plaintiffs' premises, in the arrest of any plaintiff, in the transport of either female plaintiff to Parker County, or with their lodgment in the jail in such county. The only act shown as applied to Sessums was that he signed the affidavit which supported the action of the Justice of the Peace in issuing the warrant. He was present at the scene.

It is in the way and manner of the conduct of the search of plaintiffs' premises, the breakage of at least one item of the plaintiffs' property thereat, and the disarray of clothing, etc., tearing other property, etc., in no way necessary and essential to the execution of the warrant, that plaintiffs made complaint by suit and in the body of their controverting affidavits to the several pleas of privilege. Also, their complaint is because of the removal of a certain radio, a pistol, a rifle, a shotgun, and ammunition by Stewart or agents under his direction and control as an incident to action which was authorized under the warrant. Also, there is the further complaint of the female plaintiffs that there was denial of their civil rights in their removal to a distant county without having been taken before a magistrate of the county of their arrest, coupled with their failure to be charged and necessity to make bond in order to be released from custody in such distant county.

■ There being no findings or conclusions of the trial court upon which the several pleas of privilege were denied, we necessarily must consider all possible theories upon which the denial by the trial court might find support.

■ We find that individual actions of the defendant Stewart amounted to a trespass under the provisions of V.A.T.S. Art. 1995, "Venue", § 9, "Crime or trespass", both as applied to plaintiffs' property and as applied to the persons of the female plaintiffs.

We have described to the extent necessary the events on the occasion of the search and seizure. Occasion for the confiscation and removal of physical property from plaintiffs' premises not prescribed by the warrant and the damage and disarray of plaintiffs' physical property thereat constituted trespass on the part of the defendant Stewart. See 64 Tex.Jur.2d, "Words and Phrases", the term "Trespass".

■ There was further trespass in the way and and manner the female defendants were handled after having been taken into custody. By Vernon's Ann.Crim.Code, Art. 14.06, "Must take offender before magistrate", and Art. 15.17, "Duties of arresting officer and magistrate", is prescribed the right of one who has been taken into custody to be without delay taken before a magistrate of the county in which he has been arrested. Stewart was the arresting officer and he was by law charged with and responsible for the discharge of duties in said respect. Vernon's Ann.Crim.Code, Art. 15.-16, "How warrant is executed". In Stewart's dereliction of duty there was trespass in the deprivation of rights which were the entitlement of the two female plaintiffs. 42 U.S.C.A. § 1983, "Civil action for deprivation of rights".

■ The City of Azle was domiciled in Tarrant County, Texas, as of the time of the search and seizure and arrests and of this we are entitled to take judicial notice; but even were that not the case the evidence presented on trial established the fact. Tarrant County being that in which the suit was brought, venue of the case against the City was properly there retained.

■ There being misconception that there was entitlement for the venue of the case against the City to be retained because Stewart was serving it in the capacity of Chief of Police upon the occasion in question and that because thereof there was an agency relationship on his part for the City of Azle we make further comment. To the extent Stewart might have acted lawfully

or properly and non-negligently he would be an agent of the municipality (although privileged in the governmental function), but where his acts might be unlawful, improper or negligent he would have departed the agency relationship and the City would not be his principal. The municipal immunity for Stewart's actions would for these reasons persist except in instances where there might be an obligation or penalty imposed upon the municipality by law, or where its act of omission constituted a positive invasion of individual rights guaranteed by the Constitution. There was not antecedent direction of Stewart by the governing body. If there had been ratification thereof by the municipality, the rule would be different. It was not shown in this case. On the foregoing see 18 McQuillin, *Municipal Corporations*, 3rd Ed., Ch. 53, "Municipal Liability for Torts", § 53.08, "(Character and cause of injury)—Nonfeasance"; 40 Tex.Jur.2d (Part 1), p. 418, "Municipal Corporations", § 659, "In general; governmental immunity"; 63 C.J.S. p. 308, "Municipal Corporations", § 903, "Police or Fire Stations, Apparatus, and Appliances". On a somewhat similar question we had occasion to write in the case of *Mayes v. City of Wichita Falls*, 403 S.W.2d 852 (Tex.Civ.App.—Fort Worth 1966, writ ref'd n. r. e.).

From what we have written so far there is explanation for our action in sustaining the judgment of the trial court save in relation to plaintiffs' case against defendant Sessums. We now consider the judgment retaining Sessums as a defendant properly sued in Tarrant County.

■ Sessums did nothing which entitled retention of venue against him unless it was by his execution of the affidavit upon which the warrant was issued. Of any want of justification for the execution of the affidavit by Sessums there was absolutely no proof. We are committed to the belief, and consequently hold, that no cause of action would arise because one has signed an affidavit resulting in the issuance of a warrant by an authorized magistrate unless the proof is that there was absence of justification. See cases under 26A *Texas Digest*, "Malicious Prosecution", § 18 and subdivisions, and § 25 and subdivisions. The evidence produced by plaintiffs on the hearing in the trial court failed to show absence of justification.

■ The only other possibility for retention of venue would be by the provisions of V.A.T.S. Art. 1995, "Venue", § 29a, "Two or more defendants". Noticed from what has already been said is that a cause of action was proved against the defendant Stewart, with Stewart a non-resident as was Sessums. Under this exception to the venue statute Sessums must be shown to be a "necessary party" to obtaining that relief to which plaintiffs claim entitlement under the facts of the case as against Stewart. *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774 (Tex.1944); McDonald, *Texas Civil Practice*, 1965 rev., p. 547, "Venue", § 4.36, "Art. 1995 (29a) Necessary Parties". Here plaintiffs may be accorded the complete relief to which they may be entitled, if any, against the defendant Stewart. Sessums would not be a "necessary party" and § 29a is without application.

Judgment at the trial court retaining venue of the cause against all the defendants except Troy Sessums is affirmed. The order of the trial court overruling the plea of privilege of the defendant Troy Sessums is reversed, with order of this court rendered directing transfer of the case as against him to the District Court of Parker County, Texas.