**GAS PRODUCING ENTERPRISES, INC., Appellant,**

v.

**J. G. GUERRA, Appellee.**

No. 16030.

Court of Civil Appeals of Texas, San Antonio.

Dec. 13, 1978.

Rehearing Denied Jan. 24, 1979.

**451**

David S. Gamble, Houston, for appellant.

McGinnis, Lochridge & Kilgore, Lloyd Lochridge, Austin, for appellee.

## OPINION

CADENA, Chief Justice.

Gas Producing Enterprises, Inc., one of several defendants below, appeals from an order of the district court overruling its plea of privilege. Plaintiff J. C. Guerra's controverting affidavit contends that the suit against Gas Producing Enterprises, Inc., is properly maintainable in Jim Hogg County under subdivisions 14, 23, and 29a of our general venue statute, Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964). Gas Producing Enterprises, Inc., will be identified in the remaining portions of this opinion as "GPE."

Insofar as disposition of this appeal is concerned, the suit below may be described as a suit by plaintiff against Clinton Manges and GPE. Plaintiff sought the following relief:

1. To have certain deeds which conveyed to Manges plaintiff's undivided interest in the surface estates and one-half of plaintiff's undivided interest in the mineral estates in certain lands situated in Jim Hogg County set aside because of fraud; and

2. To have an "Option Agreement" and "Repayment Agreement" executed by Manges and GPE declared invalid and removed as a cloud on plaintiff's title.

■ Although the order overruling GPE's plea of privilege recites that evidence was heard, no statement of facts has been filed in this court. GPE does not here present any point or argument which asserts that the suit against its co-defendant, Manges, was not maintainable in Jim Hogg County under subdivision 14 of the venue

statute. Since, in the absence of a statement of facts, we must assume that the court heard evidence supporting all findings necessary to justify overruling GPE's plea of privilege, we must assume, and GPE does not deny, that the evidence established that Manges was not a resident of Jim Hogg County.

Subdivision 29a provides:

Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964). In order to avail himself of subdivision 29a for the purpose of establishing venue in Jim Hogg County with reference to GPE, it was incumbent on plaintiff to show (1) the propriety of venue in that county as to Manges under some exception to the general venue rule and (2) that GPE was a "necessary party" to the cause of action as to which venue against Manges has been established. 1 R. McDonald, Texas Civil Practice § 4.36 at 544–45 (rev.1965).

As there is no contention that Manges is not subject to suit in Jim Hogg County under the exception embodied in subdivision 14, we need only determine whether GPE is a necessary party to the suit against Manges. Subdivision 29a places on plaintiff the burden of proving by independent evidence that GPE is a necessary party to such suit. *Ladner v. Reliance Corp.*, 293 S.W.2d 758, 763–764 (Tex.1956).

GPE's contention that it is not a necessary party, within the meaning of subdivision 29a, to plaintiff's suit against Manges is based on what now appears to be the settled rule that plaintiff was required to show that no effectual decree affording him the complete relief to which he is entitled against Manges could be entered without the joinder of GPE. *Union Bus Lines v. Byrd*, 142 Tex. 257, 259, 177 S.W.2d 774, 775 (1944); *See City of Azle v. Baty*, 553 S.W.2d

**452**

812 (Tex.Civ.App.—Fort Worth 1977, no writ).

■■■■ Where plaintiff, if successful, is entitled to a joint judgment against two defendants and the suit is maintainable where filed as to one of the defendants under another subdivision of Article 1995, the other defendant is a "necessary party" within the meaning of subdivision 29a. *Ladner v. Reliance Corp.*, 293 S.W.2d at 764; *Commonwealth Bank & Trust Co. v. Heid Bros., Inc.*, 122 Tex. 56, 60, 52 S.W.2d 74, 75 (1932). In this case plaintiff seeks the cancellation of certain instruments executed by Manges and GPE. It is clear that if he is successful he will be entitled to a joint judgment against both defendants declaring the instruments canceled. Under the applicable test, GPE is a necessary party to plaintiff's suit against Manges.

In the absence of a statement of facts it must be assumed that plaintiff proved, by a preponderance of the evidence, the facts necessary to show that, if successful, he is entitled to a joint judgment against Manges and GPE. Since the suit was properly maintainable against GPE under subdivision 29a, we need not decide whether venue as to GPE could be sustained under subdivision 14 or subdivision 23.

The judgment of the trial court is affirmed.