## WILLIAM FOWLER V. G. H. & J. BURDETT.

Where a set-off is not clearly proved, although there be no rebutting evidence, this Court will not reverse the judgment on the ground that the verdict, which did not allow the set-off, was contrary to the evidence, or was excessive.

Verdict for plaintiff, Nov. 26th, 1856; judgment, Nov. 28th; motion for new trial, Nov. 29th; January 31st, 1857, "on motion, the representatives of the plaintiff, Newell W. Burdett, deceased, are made parties plaintiff to the record in this case;" February 3d, motion for new trial overruled, and notice of appeal by defendant; February 5th, plaintiff's attorney files a suggestion that the plaintiff died on the 28th of November, 1856, with the names of his administrators, and moves that the latter be made plaintiffs; next day "came the parties by their attorneys;" motion sustained, and execution ordered to issue in the names of the administrators; Held, that the order of February 6th was not a revival of the judgment under the statute of 1846; and that the motion of February 5th was not a compliance with the Act of February 5th, 1853; and the judgment was reversed so far as related to the order of February 6th.

Error from Travis. Tried below before the Hon. Thomas H. DuVal.

Suit by Newell W. Burdett against the plaintiff in error for the rent of one hundred and two acres of land at $5 per acre. Answer that there were only eighty acres fit for cultivation; that plaintiff used and destroyed 300 bushels of corn, worth $225, belonging to defendant; that defendant broke in and improved ten acres of land for plaintiff, worth $8 per acre; that during same year defendant took care of twenty head of hogs for plaintiff from spring until the end of the year, which service was worth $20; that he cleared the land of the grubs that were there, at very great labor, and at a cost of $40, being the value of the work done; and that plaintiff used twenty-one hundred bundles of defendant's fodder, worth one dollar per hundred, which amount plaintiff agreed should be deducted from the rent.

The proof was that there were from eighty to ninety acres, for which defendant had agreed to pay plaintiff $5 per acre rent; and plaintiff had agreed to pay for all substantial improvements which defendant might make, especially planking-in the yard,

and breaking and fencing some land, &c.   Defendant broke up
and put in a state of cultivation ten acres as alleged, as to the
value of which there was contradictory evidence, from $2.50 to
$5 or $6 per acre ; and, as witness testified, grubbed the farm
where it was unfit for cultivation, about twenty-five acres, took
up the dogwood grubs and burnt the brush, which labor, witness
testified was worth $40 or $50.   Defendant proved that plain-
tiff had fifteen or twenty hogs running about there, and witness
heard him ask defendant to take charge of them, and that de-
fendant did so for the balance of the year, feeding them with
his own hogs, and on corn worth a dollar per bushel ; none of
them died ; to take care of them worth $15 or $20.   A witness
for defendant testified that when defendant gave up the place,
shortly afterwards plaintiff took possession ; there was on the
place, when defendant left, about 500 bushels of corn and six or
seven thousand bundles of fodder ; witness saw the corn there
in plaintiff's possession, or on his premises, after defendant left
the place ; plaintiff wanted the corn, and talked of buying it of
defendant; but they differed about the price; witness saw some
stock, horses and hogs, about the crib, and using the fodder ;
don't know how much fodder was used; cannot say what it was
worth ; but a good deal was used; about 200 bushels of corn
were used or destroyed by Burdett or by the stock on the place ;
do not know which ; the corn was worth 75 cts per bushel.

The parties failed to agree, and the facts were certified by the
Judge.

Verdict for the plaintiff for $385, returned Nov. 26th, 1856.
The subsequent proceedings are stated in the Opinion.


*Hancock & West*, for plaintiff in error.

*Chandler & Turner*, for defendants in error, suggested delay.


ROBERTS, J. The fourth and seventh assignments of error are
relied on to reverse the judgment in this case.

4th. "The verdict of the jury was for an amount excessive
and wholly unwarranted by the evidence."

Upon looking into the evidence, it will be seen that the items
of set-off which were excluded by the jury, were the corn and
the grubbing, and preparing the land for cultivation.   The evi-
dence concerning these items was not of that forcible and perti-

nent character as to constrain the Court to conclude that the jury did wrong in disregarding it. Under the rules laid down heretofore upon the subject, the verdict cannot be disturbed.

7th. " The Court erred in its ruling in making the administrators parties to the suit, as shown by the record."

The verdict and judgment in favor of plaintiff below, N. W. Burdett, were entered on the minutes of the Court on the 28th day of November, 1856. On the 29th same month a motion was made for a new trial. On the 31st January, 1857, this entry appears : " On motion, the representatives of the plaintiff, Newell W. Burdett, deceased, are made parties plaintiff to the record in this cause." On the third of February, 1857, the motion for new trial was overruled and defendant (below) gave notice of appeal to the Supreme Court. On the 5th day of February, 1857, the attorney for plaintiff below files a motion suggesting the death of the plaintiff below, N. W. Burdett, to have occurred on the 28th day of November, 1856, and representing that Giles H. and Jesse Burdett had been appointed administrators, and moves that they be made " party plaintiffs" to said judgment. On the 6th February, 1857, the Court made an order as follows : " And now, on this day, came the parties to this cause by their attorneys, and the motion of plaintiff's attor-ney to make the administrators of N. W. Burdett, deceased, parties plaintiff to the judgment heretofore rendered in the cause at the present Term of this Court, coming on to be heard, thereupon it is ordered by the Court that Jesse Burdett and Giles H. Burdett be and they are hereby made parties plaintiff in said judgment, and that execution issue in the name of said administrators."

It was doubtless the intention of the Court to ingraft this order upon the original judgment so as to make it a part thereof, predicating its action upon the facts, which had transpired since the verdict and judgment had been entered. The question is, does the record present such facts, and in such a manner, as to authorize such action by the Court ?

The entry of the judgment in the name of N. W. Burdett was correct, although he may have died after verdict and before the signing of the minutes by the Judge. (See Hart. Dig. Art. 696.)

If, on the motion of attorney of plaintiff below, suggesting the death of Newell W., and asking his administrators to be made parties to the judgment, the Court had rendered a formal

Fowler v. Burdett.

judgment reviving the one already entered, and had inserted in the revived judgment the names of Jesse and Giles H., as plaintiffs, it is probable that the defendant below could not now complain, as he appeared by attorney, as recited in the order, without any service of a *scire facias* or other process, and did not except in abatement to the proceeding, or otherwise. (See Hart. Dig. Art. 784.)

This last order of the Court cannot properly be said to be a judgment of revival under the statute cited; but must have been entered under a later statute, (approved Feb. 5, 1853,) which provides for an informal mode of making parties to a judgment, when the plaintiff shall die after judgment. (Sec. 130 of said Act.)

This requires no action of the Court. It authorizes the clerk to issue execution, " upon an affidavit of such death being entered of record or filed with the clerk, by such legal representative or the attorney of record of such plaintiff, together with a certificate of the appointment of such representative under the hand and seal of the Court where the same was made." (Laws, 4 Leg. Extra Sess., vol. iv. page 20.) This Act may be cumulative, and substitutes the affidavit and certificate for a formal judgment of revival. The record does not show either an affidavit or certificate, upon which to found the order of the Court. The order is just what would be the legal consequence of filing such affidavit and certificate; and though unnecessary to be entered would be harmless in its effect, if such affidavit and certificate had been filed. But the same legal consequence does not follow from a suggestion of the death of the plaintiff by his attorney, and the coming in of administrators. Those acts cannot operate as a revival of the judgment, but are the first steps to be taken to revive the judgment by a formal entry of a judgment of revival, which has not been made in this case. There has therefore not been a legal pursuit of either of the two remedies, which has been provided in such case by statute.

The judgment is reversed only so far as relates to the last order requiring execution to issue in the name of the administrators; leaving the plaintiffs below to pursue their remedy upon the suggestion of the death in *reviving* the judgment, or to adopt the more summary remedy by affidavit and certificate; for which purpose the cause is remanded.

Ordered accordingly.