## GARRETT L. SCOTT v. LYONS, SOLOMON & CO. ET AL.

(Case No. 4012.)

1. EXECUTION — PRESUMPTION.— An execution under which land was sold, which was formal in other respects, recited that the plaintiff in whose favor the judgment was rendered was dead, and gave the name of one who it stated had administered on his estate. In a collateral attack upon the title acquired by a purchaser at a sale under the execution, *held*,

(1) There being but one mode recognized by statute by which information on which he could act could be communicated to a clerk, informing him of the death of a judgment creditor and of administration on his estate, it will be presumed that he obtained his knowledge of the facts in that mode.

(2) There is no statutory requirement that the clerk shall recite in the writ the source of his information on the subject.

(3) The writ was sufficient, and the seal of court attached thereto raises a presumption of authority for its issuance.

APPEAL from Falls. Tried below before the Hon. L. C. Alexander.

Scott brought this suit against Lyons, Solomon & Co. in trespass to try title to a lot in the town of Marlin. By amendment, he claimed through a judgment recovered by Wm. S. Fridge against Elizabeth Johnson and others for $1,000 and costs, rendered in the district court of Guadalupe county November 13, 1860, the issuance of several executions thereon, Fridge's death, and the appointment of Scott as administrator; the issuance of an execution in the name of Scott as such administrator, levy, sale, and sheriff's deed to him. Also setting forth the fact which he claimed constituted the property that of Mrs. E. Johnson at the time of the sale, and that the apparent legal title was in John D. Johnson. Among other things he prayed that the apparent legal title be divested out of Johnson, and that it be vested in him.

John D. Johnson made himself defendant, claiming to be the real owner, and that the other defendants were his tenants. He answered by general demurrer and not guilty.

On the trial the court, upon the objections of appellee, excluded as evidence a certified copy of the execution under which appellant claimed, because it did not recite that the affidavit of Fridge's death, and the certificate of the appointment of Scott as his administrator, had been filed with the clerk before the execution issued, and then charged the jury to find for the appellee. Verdict and judgment for appellee.

The execution, among other things, recited, "and whereas, the said William S. Fridge and J. M. Anderson (one of the defendants)

are dead, and that Garrett L. Scott is the administrator of the estate of William S. Fridge, deceased, and this execution is issued for use and benefit of said Scott as administrator of said Fridge, deceased," etc.

The only question presented was as to the correctness of the ruling of the court in excluding from evidence the certified copy of the execution.

*J. M. Maxey*, for appellant.

No briefs for appellees.

Watts, J. Com. App.— After the death of the sole plaintiff an execution could issue on the judgment in behalf of his administrator only upon his complying with the statute. It is the settled law of this state that the filing with the clerk of the affidavit of the death of the plaintiff, and the certificate of the appointment of an administrator, are conditions precedent to the authority of the clerk to issue an execution upon the judgment in the name of the administrator. Holman *v.* Chevaillier, 14 Tex., 338; Fowler *v.* Burdett, 20 Tex., 34. And, as there are conditions precedent to authorize the clerk to issue the execution, if the statute is not complied with in this respect, the clerk would have no authority for issuing the writ, and it would be held invalid. That, however, is not the question presented in this case. Here the attack upon the writ is made in a collateral proceeding, and by a stranger to that suit. And the point made is that the execution is void, not because the required affidavit and certificate were not filed with the clerk, but for the reason that the writ does not state the fact that such affidavit and certificate were on file. The execution states that the plaintiff was dead, and that the appellant Scott had been appointed administrator of his estate. It does not appear from the writ or otherwise in what manner or by what means these facts were made known to the clerk. There is but one mode by which these facts can be ascertained by the clerk, that would authorize him to act upon them in issuing the writ, and that is in the manner prescribed by the statute. While the fact of filing of the affidavit and certificate are made essential to the exercise of the authority by him, still there is no statutory requirement that he shall state this fact in the writ. If, as a matter of fact, the provisions of the statute in this respect were not complied with, the writ would be invalid, and the appellant could secure no right under it; but that would constitute defensive matter, the establishment of

which would devolve upon the appellee. The statement in the writ of the facts required to be shown by the affidavit and certificate was sufficient, and especially when the question is presented as in this case. The presumption that the clerk acted in accordance with, rather than without, the statute, will be indulged when there is nothing in the record to repel that presumption.

In Bryant v. Johnson, 24 Me., 307, it was held that where the law required an order of court for the issuance of a second execution, the fact that the writ was signed by the clerk, and tested by the seal of the court, was sufficient; Chief Justice Whitman remarking: "When an execution is issued under the seal of the court, the presumption is that it was issued by order of the court."

We conclude that the court erred in excluding the certified copy of the execution as evidence, and that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved June 8, 1883.]