**ANDREWS et al. v. LINDLEY et al.**

No. 2796.

Court of Civil Appeals of Texas. Waco.

June 24, 1948.

Geo. P. Gleeson, and Tommy Forbis, both of Fort Worth, for appellants.

Williford & Williford, of Fairfield, for appellees.

TIREY, Justice.

Plaintiffs brought this suit in the 77th District Court of Freestone county, Texas, for the purpose of having the judgment theretofore rendered against them in said court declared barred by our ten year statute of limitations. The trial court's judgment (non-jury) granted plaintiffs the relief prayed for, and defendants have appealed.

At the request of attorneys for defendant in this suit the court filed the following findings of fact and conclusions of law:

"Findings of Fact.

"(1) That on May 26, 1937, Mrs. R. Andrews, a widow, in cause No. 21083-A,

styled 'Mrs. R. Andrews, a widow, vs. C. I. Bounds et al', in the 77th District Court of Freestone County, Texas, recovered judgment against J. W. Lindly and C. I. Bounds, for the sum of $3005.00, which said judgment is of record in Vol. 14, page 117, Civil Minutes of the 77th District Court of Freestone County, Texas; that defendants filed a motion for a new trial in this case, which motion was overruled on May 28, 1937, and the defendants J. W. Lindly and C. I. Bounds did except thereto and give notice of appeal; that no appeal bond was filed by said defendants, nor was an affidavit in lieu thereof filed by said defendants, and said appeal was never perfected.

"(2) That the only execution ever issued on said judgment was that execution dated May 21, 1947, returned on May 24, 1947, and recorded in Execution Docket No. 9, page 60; that said execution is dated May 21, 1947, and returnable on May 26, 1947; that it is addressed 'to the Sheriff or any Constable of Freestone County'; that said execution does not show the court in which the judgment described therein was rendered; and that said execution issued in the name of Mrs. R. Andrews, a widow.

"(3) That Mrs. R. Andrews died November 7, 1937, at Wortham; that she died intestate, and no administration was had upon her estate; that she left as her sole and only heirs at law, the following: (a) Hugh Andrews; (b) the unknown heirs of Joe Andrews, deceased; (c) the unknown heirs of Ross Andrews, deceased; (d) the unknown heirs of Frank Andrews, deceased; (e) Paul Andrews, and the unknown heirs of Paul Andrews, deceased; (f) May Andrews, and the unknown heirs of May Andrews, deceased; (g) the unknown heirs of Bill Andrews, deceased; (h) Inez Odom, wife of Wade Odom; (i) B. E. Bounds; and (j) Edwinna Brummitt, now a minor.

"(4) That after the death of Mrs. R. Andrews, on November 7, 1937, and prior to the issuance of said execution dated May 21, 1947, there was no compliance with or attempt at compliance with Article 3775, Revised Civil Statutes of 1925, requiring the filing of an affidavit with the Clerk of the Court as to the death of the said Mrs. R. Andrews, together with a certificate of any lawful court as to the appointment of any representative of the estate of Mrs. R. Andrews, deceased, or, in the alternative, if there was no administration upon the estate of Mrs. R. Andrews, that no affidavit to said effect was so filed disclosing the lack of necessity for such administration.

"Conclusions of Law.

"(1) No affidavit having been filed with the clerk prior to the issuance of said execution so dated May 21, 1947, the clerk had no authority in law to issue said execution, said execution was void, its issuance did not preserve the life of said judgment, and said judgment became and is now barred by the ten year statute of limitations.

"(2) Said execution dated May 21, 1947, was, on its face, so defective as to be a voidable execution, and one that would not preserve the life of a judgment and prevent the running of the ten year limitation."

██ It is appellants' position here (1) that plaintiffs had not carried their burden to show that no affidavit had been filed with the Clerk of the court prior to the issuance of the execution on May 21, 1947; and (2) that the execution so issued was not void on its face and was sufficient to preserve the life of the judgment and to prevent the running of the ten year statute of limitations.

The general rule is:

"There is a presumption in favor of the regularity of official acts, and when a public official discharges or undertakes to discharge a duty with which he is charged by law, it will be presumed, in the absence of evidence to the contrary, that he did so rightfully and in a lawful manner, and that he acted within, and not in excess of, his power and authority." Blanks v. Radford, Tex.Civ.App., 188 S.W.2d 879, 882, and authorities there cited.

It is the duty of the trial court to rely on such presumption until the contrary appears, and this presumption places upon the party against whom it operates the duty

of producing evidence. See Blanks **v.** Radford, supra, points 4 and 5, and authorities there cited. It is appellants' position that plaintiffs wholly failed to carry their burden.

Art. 3775, Vernon's Ann.Civ.Stats. provides:

"Where a sole plaintiff, or one of several plaintiffs, shall die after judgment, execution shall issue on such judgment in the name of the legal representative of such deceased sole plaintiff, or in the name of the surviving plaintiffs, and the legal representative of the deceased plaintiff, as the case may require, upon an affidavit of such death being filed with the clerk, together with the certificate of the appointment of such representative under the hand and seal of the clerk of the court wherein such appointment was made; provided that if there be no administration upon the estate of such deceased sole plaintiff or plaintiffs, and none necessary as shown by an affidavit filed with the clerk of the court in which judgment was obtained, execution shall issue in the name of all the plaintiffs, both living and deceased, as shown in the judgment, and all money or moneys collected thereunder by the officer levying such execution, and paid unto the registry of the court, out of which such execution issued shall be partitioned among and paid to parties entitled to the same, and in the proportions to which they are entitled to the same under proper order of the presiding judge of said court."

Plaintiffs tendered Glazener, the District Clerk of Freestone county, as their witness, and he testified substantially to the effect that he had been district clerk of said county for about three years at the time this cause was tried. Glazener had before him the Fee Book showing the docketing of the case of Andrews v. Bounds and he testified that the Fee Book showed only the issuance of the execution on May 21, 1947; that he had checked the Execution Docket in his office and that he issued the execution under date of May 21, 1947, at the request of Mr. Forbis an attorney in the case; that Forbis wrote him a letter in which he asked him to issue execution in a certain numbered case and he styled it, and that prior to the issuance of the execution that Forbis or no person in his office filed an affidavit as to the death of Mrs. Andrews; that he issued the execution on the letter and that there was no affidavit on file in his office of any kind or character as to the death of Mrs. Andrews; that he became district clerk in January, 1945; that he had never served as district clerk before; that his predecessor in office was Rankin Gilpin, who served six years; that prior to Gilpin's term J. H. Harding was district clerk and that he served about 16 or 18 years.

"Q. You do not know of an affidavit from January, 1937, until you took office? A. No.

"Q. You do not know if there is such an affidavit in your office and the Fee Book does not reflect it? A. No, when he wrote for judgment I didn't find any papers at all.

"Q. That Fee Book does not reflect a fee book charge on it? A. It does not.

"Q. And no charges made for affidavit on the Fee Book where that case is filed? A. It does not show.

"Q. Is there a place to charge for affidavits? A. Sometimes it says that, personally I write in where it is issued and make notation whenever I issue anything that way."

We think the above is substantially the pertinent oral evidence tendered and our view is that there was no direct testimony tendered as to the filing of an affidavit in compliance with Art. 3775, supra. Plaintiffs did tender in evidence the execution and return which carried the presumption that in issuing the execution the clerk at that time complied with the law in the performance of his official duty and acted upon the authority of the required affidavit. However, we think that under the testimony of Glazener this presumption disappeared as a rule of law and that a fact issue was raised to be passed upon by the trier of the facts. See Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854. It is true that Mrs. Andrews died in 1937, and Harding, the clerk of the court at the time of her death,

and Gilpin, his successor who served for about six years prior to Glazener's term, were not called upon to testify as to any affidavit having been filed with either of them while they were serving as such district clerk. Our view is that the failure to tender either Harding or Gilpin can have no effect on the issue before us, because neither of them had any part in the issuance of the execution in this cause as did Miss Wellborn, the clerk of the court who issued the execution and who was not tendered as a witness in Blanks v. Radford, supra. It is obvious that there are no facts on which to base an inference that a request was made of Harding or Gilpin to issue execution, nor that an affidavit had been filed with either of them for the purpose of obtaining an execution after the death of Mrs. Andrews. To do so would be basing a presumption upon a presumption. Parks v. St. Louis & S. W. Ry. Co., 29 Tex.Civ.App. 551, 69 S.W. 125, point page 127. See also Burlington Rock Island R. Co. v. Ellison, Tex.Civ.App., 159 S.W. 2d 569. The only presumption raised in this cause is the one created by tendering in evidence the execution issued by Glazener, which we have previously discussed. Since Glazener testified that no affidavit was filed with him as clerk of the court, or by his assistant, and that he issued the execution on the letter written to him by attorney Forbis, and that in his search of the records in his office he found no papers or any record of any affidavit having been filed as to Mrs. Andrews' death, such testimony rebutted the legal presumption theretofore raised and we think it is sufficient to sustain the finding of the trial court to the effect that no affidavit had been filed in compliance with Art. 3775, supra. See also Houston News Co. v. Shavers, Tex. Civ.App., 64 S.W.2d 384, writ ref. We think we should add that all the leading authorities are cited and discussed in Southland Life Ins. Co. v. Greenwade, supra; Blanks v. Radford, supra, and Houston News Co. v. Shavers, supra.

Since our Supreme Court has uniformly held that in the event of the death of the sole plaintiff in judgment that the provisions of Art. 3775, Vernon's Ann.Civ. Stats., must be complied with (see Scott v. Lyons, Solomon & Co., 59 Tex. 593; Holman v. Chevaillier's Adm'r, 14 Tex. 337; Fowler v. Burdett, 20 Tex. 34; Blanks v. Radford, supra, writ ref. no rev. error), the writ issued by Glazener dated May 21, 1947 was invalid and the judgment became barred by the provisions of our ten year statute of limitations. See Art. 5532, Vernon's Ann.Civ.Stats.; also Cotton v. Stanford, Tex.Civ.App., 147 S.W.2d 930; Gillam v. Matthews, Tex.Civ.App., 122 S.W. 2d 348.

Since we are of the view that Art. 3775, supra, has not been complied with and that the execution tendered in evidence was invalid by reason thereof, the question of whether it was fatally defective passes out of the case, and we express no opinion thereon.

For the reasons stated, the judgment of the trial court is affirmed.