**WHITLEY v. KING et al.**

No. 2869.

Court of Civil Appeals of Texas. Waco.

Feb. 16, 1950.

White, Taylor & Chandler, Austin, Goldsmith, Bagby & Furr, Austin, for appellant.

McKay & Avery, Austin, Ben L. Parten, Franklin, for appellees.

HALE, Justice.

This is an appeal from an order disposing of a plea of privilege. The proceeding arose out of a highway collision which occurred in Robertson County between a Chevrolet truck-tractor, hereafter referred to as the truck, and a DeSoto sedan automobile, hereafter referred to as the car. At the time of the accident the truck belonged to N. E. Wilson but was under lease to Mills King and was being operated by King's employee. The car belonged to John W. Whitley and was being operated by him. In the car with Whitley was his wife, Adeline Whitley, and Thomas Madison. The truck was damaged in the wreck and the occupants of the car sustained personal injuries resulting in the death of Adeline Whitley and Thomas Madison, each of whom died intestate. Adeline Whitley left her husband and her son by a former marriage, Pleas Miller, as her sole surviving heirs at law, and Thomas Madison left his parents, Charles D. Madison and Lillie Madison, as his sole surviving heirs at law. These heirs have taken possession of the assets belonging to the estates of their decedents. No administration on the estate of either decedent has been instituted and none is contemplated.

King and Wilson, as joint plaintiffs, sued Whitley, Miller, Madison and wife jointly in the District Court of Robertson County for the recovery of property damages resulting from the wreck of the truck. Plaintiffs reside in Bexar County and defendants reside in Travis County. In their

petition plaintiffs alleged the substance of the foregoing facts which, upon their subsequent request, were admitted by the defendants to be true. Plaintiffs also alleged that Whitley, his wife, and Thomas Madison were engaged upon a joint enterprise for their mutual profit and benefit at and prior to the time of the collision and that each was contributing thereto and exercising rights of control in the operation of the car as an incident to such enterprise. They further alleged that the car was being operated in a negligent manner in that, among other particulars, it was being driven at a high rate of speed in excess of that permitted by law, and it was being operated on the wrong side of the highway with respect to the direction in which it was travelling, and that the negligent conduct on the part of the occupants of the car in these and other respects was each a proximate cause of the collision and its resulting damages. They sought to impose liability for their damages against Whitley and Miller upon the ground that they were legal representatives of the estate of Adeline Whitley, and against Charles D. Madison and wife as legal representatives of the estate of Thomas Madison, alleging that Whitley was further liable to them, jointly and severally, in his individual capacity.

In due time Whitley and Miller each filed his separate plea of privilege in proper form, asserting his right to be sued in Travis County. Madison and wife likewise filed their joint plea of privilege to be sued in Travis County. Plaintiffs seasonably filed a controverting affidavit to each of the foregoing pleas, incorporating in each a copy of their joint petition against the several defendants. In their controverting affidavit to the plea of Whitley they averred that the allegations of their petition show and it is a fact that the defendant Whitley committed a trespass in Robertson County within the meaning of Exception 9 in Art. 1995 of Vernon's Tex.Civ.Stats. In each of their controverting affidavits to the pleas of Miller and of Madison and wife, plaintiffs averred that the allegations of their petition show and it is a fact that Whitley committed

a trespass in Robertson County, that Whitley's wife and Thomas Madison, respectively, each participated in and was an active member of the joint enterprise in which the trespass was committed so as to render the estate of each decedent liable for the damages resulting therefrom, and that the representatives of the estate of each decedent were liable to plaintiffs for their damages and were necessary parties to their suit and as such were properly joined therein under Exception 29a in Art. 1995 of Vernon's Tex.Civ.Stats.

On March 7, 1949, the venue issues thus raised by the pleadings of the parties came on for a hearing before the court below without a jury. Thereupon, plaintiffs moved the court to sever their cause of action against Whitley, individually, from their cause of action against all of the defendants sued in their representative capacity. It was stipulated by the parties that the pleas of privilege on behalf of Madison and wife and on behalf of Miller and Whitley in their representative capacity should be sustained and that the hearing should proceed on the question of venue only as it might affect Whitley individually. After the evidence had been adduced upon the hearing the court took the contested issues under advisement and requested the parties to file written briefs. Thereafter, the court entered his order on April 8, severing the plaintiffs' suit against Whitley, individually, from their suit against all of the defendants sued in their representative capacities and transferring the latter suit with all of its parties to the 98th District Court of Travis County. On April 18th the court entered another order overruling the plea of privilege of Whitley in so far as he was being sued individually in Robertson County. Whitley duly excepted to the order of severance and he has appealed from the order overruling his plea of privilege.

Whitley says the trial court erred in ordering a severance and overruling in part his plea of privilege to be sued in Travis County. He contends that the order appealed from should be reversed and judgment should be here rendered sustaining his plea of privilege in its entirety because,

among other reasons, the cause of action declared upon by plaintiffs is indivisible and all of the defendants sued are necessary parties to the suit within the purview of the venue statute.

A cause of action is a fact or combination of facts entitling an aggrieved person to institute and maintain an action, which must be alleged and proved in order to obtain relief. 1 T.J. p. 621, Sec. 15 and authorities. The nature and objects of an action can be determined only from a consideration of all the material averments contained in the petition or complaint upon which the suit is based and the character of relief therein sought. 1 T.J. p. 620, Sec. 14; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, pt. 2 and authorities; Hooser v. Forbes, Tex.Civ.App., 33 S.W.2d 550, pt. 4; Gifford-Hill & Co. v. Hearne Sand & Gravel Co., Tex.Civ.App. 183 S.W.2d 766, pt. 1. Hence, the propriety of joining and severing parties and actions in any legal proceeding is dependent primarily, although not always exclusively, upon the state of the pleadings relevant to such proceeding.

It is elemental that an injured party is entitled to institute and maintain an action, under proper allegations of fact, against two or more wrongdoers for damages on account of a single injury which is proximately caused by the negligence of each. In such an action the liability of joint tort-feasors as well as that of joint adventurers is both joint and several. However, the legal concept upon which such liability rests is different in its application to the former from that which is applicable to the latter. The liability which the law imposes against each joint tort-feasor is grounded upon the theory that every wrongdoer should be required to respond for all the damages resulting from his own wrongful conduct but it does not rest upon the doctrine that one tort-feasor is responsible for any or all of the damages resulting from the negligence of another tort-feasor where there is no common duty or design, or contractual relationship, express or implied, existing between them. 41 T.J. p. 371 et seq., Sec. 18; 30 T.J. p. 781, Sec. 110. On the other hand, the liability of each member of a joint and common enterprise is not predicated upon any theory of responsibility for the concurring negligence of each individual member but it rests upon the doctrine that by reason of the community of interest and the equality in the right of control existing between them the wrongful conduct of each is imputable to and in contemplation of law becomes the wrongful conduct of the other member or members of the joint enterprise. 30 T.J. p. 784, Sec. 112.

In this case it is readily apparent from a consideration of the petition of the plaintiffs in its entirety, as well as the sworn averments contained in their controverting affidavits subsequently filed, that the dominant purpose of their suit was to impose liability against each of the defendants, jointly and severally, for the property damages resulting from the wreck of the truck upon the theory that the defendants were the legal representatives of the two named decedents who together with Whitley were engaged in a joint and common enterprise under such circumstances as to render each joint adventurer, and the legal representatives of each, jointly and severally liable to the plaintiffs. Under the facts alleged in their petition, Whitley was not only liable as a matter of law to plaintiffs as one of the legal representatives of the estate of his deceased wife, but he was also liable to them jointly and severally in his individual capacity, not as one of three joint tort-feasors but as one of the three joint adventurers against whom plaintiffs sought to impose liability for their damages. Martin v. Weaver, Tex.Civ.App., 161 S.W.2d 812, pt. 4, er. ref. w. m., and authorities. The mere fact that plaintiffs incidentally inserted in their petition the legal conclusion that "Whitley, under the facts alleged, is further liable to plaintiffs, jointly and severally, in his individual capacity" did not in any respect change or alter the nature and character of the cause of action otherwise asserted by them. They were suing to impose joint and several liability against each defend-

ant upon allegations showing that they were liable as joint adventurers and not as joint tort-feasors.

It will also be noted from the averments contained in the controverting affidavits filed by plaintiffs that they thereby contended in effect that venue to try their cause of action was properly laid in Robertson County because Whitley, one of the joint adventurers, had committed a trespass in that county and the legal representatives of the estates of the other joint adventurers were necessary parties to their suit in order that they might obtain in the one suit all of the relief to which they were legally entitled. Under the facts alleged in their petition and in their controverting affidavits, we think each and all of the defendants sued were necessary parties within the meaning of the venue statute to the cause of action declared upon by the plaintiffs. Commonwealth Bank & Trust Co. v. Heid Bros. Inc., 122 Tex. 56, 52 S.W.2d 74; Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Union Bus Lines et al. v. Byrd, 142 Tex. 257, 177 S.W.2d 774.

The only ground stated by plaintiffs in their motion for severance was as follows: "If plaintiffs' cause of action is against joint tort-feasors and the legal representatives thereof, then defendants are jointly and severally liable for damages to plaintiffs, and plaintiffs desire to try their cause of action against John W. Whitley, individually, the principal feasor, in Robertson County, Texas, and to try their cause of action against Adeline Whitley, deceased, the legal representatives thereof, and other proper parties, in Travis County, Texas." We do not think the ground thus stated in the motion was sufficient to warrant the trial court in ordering a severance over the objection of any of the defendants. The action which plaintiffs had instituted and were seeking to sever and maintain in two courts at the same time was single and indivisible in that the same was solely an action for damages on account of the wrongful infliction of injury to the truck. The cause of action asserted by them consisted of a set of closely related facts growing out of one transaction or occurrence. The component fact elements giving rise to the cause of action thus asserted by them against each of the three joint adventurers were identically the same. All of the facts were pleaded in one count and none of them were alleged disjunctively or in the alternative. We fail to see how a final judgment could be rendered in the suit of plaintiffs against Whitley as an heir at law of his deceased wife without also affecting his interest as an individual in the subject matter of the suit. Consequently, we hold that the suit of plaintiffs against Whitley, individually, was improperly severed from their suit against him as an heir at law of his deceased wife. 1 C.J.S., actions, § 106, p. 1341; 1 T.J. p. 670 et seq., Secs. 53 and 57; Dearing v. Morgan, Tex.Civ.App., 120 S.W.2d 555; Texas Cities Gas Co. v. Dickens, Tex.Civ.App., 133 S.W.2d 810.

Whitley also says the trial court erred in overruling his plea of privilege for the reason that the evidence introduced upon the hearing thereof was insufficient to show that he committed a trespass in Robertson County. We do not find it necessary to pass upon this contention, however, because we have concluded that the court erred in overruling his plea regardless of whether the evidence submitted on the hearing was or was not sufficient to show that he committed a trespass in Robertson County or, if so, as to whether such was committed by him while acting in a joint and common enterprise with his wife and Thomas Madison. By agreeing that Whitley's plea of privilege as an heir at law of his deceased wife should be sustained, the plaintiffs thereby left the trial court no alternative under the state of the pleadings as they were then pending than to sustain Whitley's plea of privilege for all purposes of venue. 43 T.J. p. 877, Sec. 131 and authorities.

Accordingly, the order appealed from is reversed and judgment is here rendered sustaining Whitley's plea of privilege

as an entirety and ordering a transfer of the suit of plaintiffs against him individually to the 98th District Court of Travis County for such further proceedings in that court as may there be deemed proper. Reversed and rendered.