**ORANGE ASSOCIATES, INC., Appellant,**

v.

**Kirby ALBRIGHT et al., Appellees.**

**No. 12503.**

Court of Civil Appeals of Texas, Austin.

March 16, 1977.

Rehearing Denied April 6, 1977.

Elvis G. Schulze, Law Offices of Gilbert Prud'homme, Austin, for appellant.

Fred E. Davis, Davis & Davis, Austin, for appellees.

SHANNON, Justice.

This is an appeal from the judgment of the district court of Travis County sustaining the plea of privilege of Kirby Albright, and pertains to Tex.Rev.Civ.Stat.Ann. art. 1995, § 29a (1964).

Orange Associates, Inc., appellant, filed suit for breach of contract in the district court of Travis County against Helio-Courier of Texas, Inc., and appellee Kirby Albright. Appellant's suit was grounded upon a written contract of sale of an airplane by Helio-Courier to appellant.

Appellant agreed to pay Helio-Courier $72,500 for the airplane. A part of the contract of sale included a lease-back provision whereby, "HELIO–COURIER or KIRBY ALBRIGHT" agreed to pay appellant five hundred dollars each month for four years for the limited use of the airplane. Appellant alleged that Albright and Helio-Courier, after making one such payment, refused to make further payments.

Appellant's further allegation was that Albright signed the contract of sale ". . in his individual capacity, and he has become and bound himself by the provisions of such contract to personal liability. The parties to this agreement [the contract of sale] agreed, understood, and acknowledged that Kirby Albright was signing in his individual capacity and not solely as an officer of Helio-Courier of Texas, Inc."

The contract of sale was signed by Kirby Albright in the following manner:

"HELIO–COURIER of Texas, Inc.
Seller
By [signature]
Kirby Albright"

Appellant sought a joint and several judgment for $23,500 against both defendants based upon the violation of the lease-back provision of the contract.

Helio-Courier of Texas, Inc., filed a plea of privilege to be sued in Dallas County, and Albright filed a plea of privilege to be sued in Rockwall County. Appellant filed its controverting plea, asserting venue in Travis County as to Helio-Courier by reason of Tex.Rev.Civ.Stat.Ann. art. 1995, § 23 and as to Albright by reason of Art. 1995, § 29a. Upon trial the district court overruled the plea of privilege of Helio-Courier and sustained the plea of privilege of Albright. The court severed the cause asserted against Albright and transferred that cause to the district court of Rockwall County.

Section 29a of Art. 1995 provides:

"29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Because both Albright and Helio-Courier are not residents of Travis County and because Helio-Courier did not appeal from that part of the judgment overruling its plea of privilege, the question for resolution is whether Albright is a necessary party to the suit against Helio-Courier for purposes of § 29a.

■ Appellant maintains that Albright was a necessary party within the meaning of § 29a and, as a result, the court erred in sustaining Albright's plea of privilege. We agree. A necessary party is one whose joinder is required in order to afford the plaintiff the complete relief to which he is entitled against the defendant who is properly suable in that county. *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758 (1956); *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774 (1944).

Albright contends that he was not a necessary party since appellant could have obtained a judgment against Helio-Courier for the full amount due under the contract without joinder of Albright. To the contrary, appellant claims that its pleading and proof showed that appellant could not obtain the full relief to which is had a contractual right, that is, a joint as well as a several judgment against both defendants unless both were sued in the same action. See *Commonwealth Bank & Trust v. Heid Bros., Inc.*, 122 Tex. 56, 52 S.W.2d 74 (1932).

**808**

As noticed above, appellant sought by way of relief a joint and several judgment for $23,500 against Helio-Courier and Albright predicated upon the alleged violation of the lease-back provision in the contract.

Appellant's proof of the joint liability of Helio-Courier and Albright consisted of the contract of sale. Albright insists that he had no personal liability because he signed the contract only in his capacity as an officer of Helio-Courier. The contract of sale does not show *prima facie* that Albright signed it exclusively in a representative capacity. Although the last page of the contract shows Helio-Courier of Texas, Inc., as seller, there is no word preceding or following Albright's signature showing that he signed only in a representative capacity.

The fact that Albright did or did not sign the contract in a representative capacity is not solely determinative of his liability under the contract. The court must look to the intention of the parties at the time of contracting to determine whether or not the signers are personally bound. *Leonard Duckworth, Inc. v. Michael L. Field & Co.,* 516 F.2d 952, 958 (5th Cir. 1975); *Steele v. Hallandale, Inc.,* 125 So.2d 587 (Fla.Dist.Ct.App. 1960). The intent of the parties is determined by an examination of the language of the entire contract in the light of surrounding circumstances. *Spence & Howe Construction Co. v. Gulf Oil Corp.,* 365 S.W.2d 631 (Tex.1963).

By the terms of the contract Helio-Courier "or" Albright agreed to pay appellant five hundred dollars each month for at least four years for the right to use the airplane for specified periods of time. Helio-Courier "or" Kirby Albright promised to pay appellant the sum of seventy-five dollars for each hour the airplane was used over a certain number of hours. Helio-Courier "or" Kirby Albright promised to pay "oil, gas, and pilot time." Appellant promised Albright ". . . the use of the aircraft in the summer of 1976 for a trip to Alaska at the rate of $25.00 per hour of flying time." Albright was required by the terms of the contract to secure prior approval from appellant as to the date to make the trip.

If appellant elected to sell the airplane, Albright "or" Helio-Courier, under the contract, had the first right of refusal to purchase. Appellant reserved the right to cancel Albright's ". . . $500.00 per month [payment] and all subsequent use of the aircraft." Albright "or" Helio-Courier warranted that the airplane and all equipment was "operational to FAA specifications." Finally, the contract provided that the obligation ". . . is personal to Kirby Albright and the present officers of Helio-Courier of Texas, Inc. . . ."

After an examination of the provisions of the contract of sale, some of which have been described above, we are of the opinion that the parties intended that Albright be personally bound by the contract. Appellant asserted all of its rights by seeking both a joint and several judgment against Helio-Courier and Albright. Such being the case, appellant is entitled to the complete relief sought: that is, appellant is entitled to a joint judgment against the two defendants, as well as a several judgment against each of them. Accordingly, Albright is a "necessary" party within the contemplation of § 29a. *Commonwealth Bank & Trust Co. v. Heid Bros., Inc., supra.*

That part of the judgment transferring the cause of action asserted against Kirby Albright to the district court of Rockwall County is reversed and judgment is here rendered overruling Kirby Albright's plea of privilege to be sued in Rockwall County.

Reversed and Rendered.