NATIONAL STANDARD INSURANCE COMPANY et al., Appellants,

v.

Melvin R. BEARD, Appellee.

No. 12763.

Court of Civil Appeals of Texas, Austin.

July 26, 1978.

Rehearing Denied Aug. 16, 1978.

---

O. L. Knutson, Houston, for appellants.

Charles B. McGregor, Beard & Kultgen, Waco, for appellee.

SHANNON, Justice.

This is an appeal from the order of the district court of Bell County overruling the plea of privilege of appellants National Standard Insurance Company, American General Insurance Company, and American General Fire and Casualty Insurance Company, and pertains to Tex.Rev.Civ.Stat.Ann. art. 1995 § 29a (1964).

Appellee Melvin R. Beard filed suit for breach of contract against Maryland Casualty Company and appellants. Beard's suit was predicated on an agency contract with the insurance companies.

Beard alleged that the insurance companies did business in Houston under the name, "American General Companies." Appellee Beard proved that Maryland Casualty Company is a foreign corporation engaged in the business of insurance in Texas and that it maintains an agent in Bell County. All of the insurance companies filed pleas of privilege which the district court overruled. Maryland Casualty Company has not appealed from the order overruling its plea.

For more than ten years the insurance companies maintained an agency contract with Beard. In November, 1975, the "American General Companies" notified Beard that his agency contracts "with the American General Companies" were terminated as of May, 1976.

Beard alleged that as a result of the breach, he suffered loss of insurance commissions in the sum of $30,600.00, in addition to an earned "bonus trip" worth $2,500.00. He pleaded further that the wrongful breach reduced the value of his insurance agency in the sum of $53,125.00.

Section 29a of art. 1995 provides:

"Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Because appellants and Maryland Casualty Company are not residents of Bell County and because Beard established venue in Bell County as against Maryland Casualty Company by virtue of Tex.Rev.Civ.Stat. Ann. art. 1995 § 27, the question on appeal is whether appellants are necessary parties to the suit against Maryland Casualty Company for purposes of § 29a.

Beard claims that appellants were necessary parties within the meaning of § 29a, and as a result, the district court did not err in overruling the plea of privilege. We agree.

A necessary party is one whose joinder is required to afford the plaintiff the complete relief to which he is entitled against the defendant who is properly suable in that county. *Ladner v. Reliance Corp.,* 156 Tex. 158, 293 S.W.2d 758 (1956); *Union Bus Lines v. Byrd,* 142 Tex. 257, 177 S.W.2d 774 (1944); *Orange Assoc., Inc. v. Albright,* 548 S.W.2d 806 (Tex.Civ.App.1977, writ dism'd).

Appellants argue that they were not necessary parties since Beard could have obtained a judgment against Maryland Casualty Company for the full amount due against it without joinder of appellants. To the contrary, Beard claims that his pleading and proof showed that he could not obtain the full relief to which he was entitled, namely, a joint as well as a several judgment against appellants and Maryland Casualty Company unless all of the parties were sued in the same action. *Orange Assoc., Inc. v. Albright, supra.*

Beard could have recovered from Maryland Casualty Company the *amount of insurance commissions* owed him without joinder of appellants. Nevertheless, an examination of Beard's pleading shows that he sought a joint and several judgment for $53,125.00 in *damages for breach of the agency contract* against Maryland Casualty Company and appellants.

At least with respect to his claim for $53,125.00 in damages Beard asserted all of his rights by seeking both a joint and several judgment against Maryland Casualty Company and appellants. Such being the case, Beard is entitled to the complete relief sought, that is, Beard is entitled to seek a joint judgment against Maryland Casualty Company and appellants, as well as a several judgment against each of them. Accordingly, appellants are "necessary" parties within the contemplation of § 29a. *Commonwealth Bank & Trust Co. v. Heid Bros., Inc.,* 52 S.W.2d 74 (Tex.1932); *Orange Assoc., Inc. v. Albright, supra.*

The judgment is affirmed.

Affirmed.