GEOPHYSICAL DATA PROCESSING CENTER, INC., Appellant,

v.

Rafael B. CRUZ, Appellee.

No. 8203.

Court of Civil Appeals of Texas, Beaumont.

Dec. 28, 1978.

J. Nicholson Meindl, Houston, for appellant.

John S. Brunson, Houston, for appellee.

CLAYTON, Justice.

This cause was filed by Rafael B. Cruz, appellee, against three defendants—Lee Webster, Whitehall Corporation, and Geophysical Data Processing Center, Inc. (GDPC), appellant. Defendants Webster and Whitehall filed a plea of privilege to be sued in Dallas County. Appellant did not file a plea of privilege. The trial court sustained the plea of privilege filed by defendants Webster and Whitehall and transferred the cause as to these defendants to Dallas County. The trial court further held that all parties were indispensable, and the causes of action were not severable. Accordingly, the entire cause of action, including the action against Geophysical Data Processing Center, Inc., was transferred to Dallas County, from which order appellant has appealed.

The sole question to be decided by this court is whether or not the trial court erred in transferring the entire cause to Dallas County.

Appellant urges error of the trial court in transferring the cause against it "because the causes of action asserted against GDPC, Whitehall and Webster are severable" and that "the causes of action asserted against [the three defendants] are joint and several."

To determine whether or not this cause is severable as to appellant and whether or not appellant is a necessary party to the cause of action asserted against Webster and Whitehall, resulting in the proper transfer of the cause of action in its entirety, we must first determine what causes of action have been pleaded by appellee and what relief has been sought. *Cogdell v. Fort Worth National Bank*, 537 S.W.2d 304 (Tex.Civ.App.—Fort Worth 1976, writ dism'd); *Whitley v. King*, 227 S.W.2d 241 (Tex.Civ.App.—Waco 1950, no writ). As the court states in *Whitley v. King*, supra: "The nature and objects of an action can be determined only from a consideration of all the material averments contained in the petition or complaint upon which the suit is based and the character of relief therein sought [citing cases]. Hence, the propriety of joining and severing parties and actions in any legal proceeding is dependent primarily, although not always exclusively, upon the state of the pleadings relevant to such proceeding."

Plaintiff's cause of action against the three defendants is based upon fraud for the actions of defendants, including appellant, in connection with a certain Software Licensing Agreement between appellee and appellant. Under the terms of this agreement, appellant, a wholly owned subsidiary of Whitehall, was to pay $15,000 for a temporary license for 180 days for the use of an "Explorer System" which consists of various computer programs used for the processing of geophysical data, such system to be used in its installation in Houston, Harris County, Texas. Plaintiff further

contended that Webster was in absolute control of Whitehall and appellant during the entire time concerned in this suit. Appellant is a wholly owned subsidiary of Whitehall. All the actions by the defendant corporations (Whitehall and appellant) have been done at the instance and direction of Webster and "he has used the Defendant corporations to further his intention with regard to the defrauding of the Plaintiff or his rights in and to the Explorer System."

At the conclusion of the 180-day period, appellant was to pay balance due for such temporary license, but refused to do so and retained the system.

There are other contentions, stated in the petition, that at the end of the temporary license period appellant had a right to purchase a permanent license for the use of the system by paying an additional $35,000 during the term of the temporary license. The agreement further provided for licenses to appellant for other installations at locations outside its Houston office upon payment of $30,000 for the second installation and $15,-000 for third and subsequent installations. Appellant, at the end of the temporary license period, retained the system although it failed to make payment for the permanent license. In addition, appellant made or caused to be made a conjunction with the other defendants, and expressly at the direction of Webster, another installation in Africa without paying the $30,000 as required by the agreement. Plaintiff further pleads that appellant represented to the geophysical industry that it had an exclusive system capable of performing the computer technology that in fact was being performed by appellant utilizing plaintiff's Explorer System and that by reason thereof the value of plaintiff's system was diminished; and further that appellant has represented to users of the system that appellant owns the rights in and to the system with authority to make installations, such representations being false, resulting in the diminished value of the system in the market place. Plaintiff further contends that appellant has been a "shell corporation operated for the use and benefit of the Defendant

Whitehall and [appellant] has no assets other than the Explorer System and appellant is in fact an alter-ego of the Defendant Whitehall."

In *Commonwealth Bank & Trust Company v. Heid Bros., Inc.,* 122 Tex. 56, 52 S.W.2d 74 (Tex.Comm'n.App.1932, jdgmt. adopted), it is stated:

"A 'necessary party' to a suit, according to the general understanding of that term, is one who is so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party."

In *Orange Associates v. Albright,* 548 S.W.2d 806 (Tex.Civ.App.—Austin 1977, writ dism'd), the court said:

"A necessary party is one whose joinder is required in order to afford the plaintiff the complete relief to which he is entitled against the defendant who is properly suable in that county."

In *International Harvester Co. v. Stedman,* 59 Tex. 593, 324 S.W.2d 543 (1959), the Supreme Court states the well established rules as to the transferring of the entire cause when the plea of privilege of one of several defendants is sustained. The Supreme Court quotes from *Johnson v. First National Bank,* 42 S.W.2d 870 (Tex.Civ.App. —Waco 1931, no writ), as follows:

"The rule seems to be that, where one of several defendants files a plea of privilege to be sued in the county of his residence, and the plea is sustained, if the cause of action is a joint action growing out of joint liability of all of the defendants, the suit must be transferred in its entirety to the county of the residence of the defendant whose plea is sustained. On the other hand, if the cause of action against several defendants is severable, or joint and several, the court should retain jurisdiction over the action in so far as it concerns the defendants whose pleas of privilege have not been sustained, and should transfer the suit in so far as it concerns the defendant whose plea is sustained."

In the pleadings of plaintiff, as pointed out above, the relief sought against the three defendants in this cause of action is so interwoven that to obtain the relief sought by the plaintiff necessitates the presence of all of the defendants. The pleadings concerning the express direction of the actions of the corporate defendants by Webster and the allegation of the alter-ego status of Whitehall and appellant require the presence of each and all the defendants for an adequate judgment to be rendered in this cause.

The cause of action asserted by plaintiff is such that he could not obtain the full relief to which he may be entitled, that is, a joint as well as several judgment against all defendants unless all were sued in the same action. See *Commonwealth Bank & Trust v. Heid Bros., Inc.*, supra; *Orange Associates v. Albright*, supra.

The trial court properly transferred this entire cause to Dallas County, and the judgment is affirmed.

AFFIRMED.